## HEINDSELMAN v. HARPER.

No. 11526—Opinion Filed May 29, 1923.

1. **Appeal and Error—Review—Sufficiency of Petition—Amendment to Support Judgment.**
"When the sufficiency of a petition is not challenged in the trial court, and evidence is introduced without objection, and it appears that the substantial rights of the parties have not been affected, the petition may be amended in the appellate court to support the judgment of the trial court, if necessary, or the amendment will be deemed to have been made."

2. **Animals—Injuries to Growing Crop—Liability of Owner of Stock.**
Where the defendant, having a lease on land about to expire, gave the plaintiff, who had leased the land to take effect upon the expiration of the defendant's lease, permission to go upon the land and sow a part of the same to wheat, the plaintiff may maintain an action for damages when it is shown that the defendant by an act of positive, active negligence turned his stock upon the plaintiff's wheat, thereby destroying a part of the same.

3. **Appeal and Error—Reserving Error—Instructions.**
The rule is well established, where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions. or be precluded from making such failure available as reversible error.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by Rex Harper against W. E. Heindselman for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Pennel & Harrison, for plaintiff in error.

George, Campbell, & Ray, for defendant in error.

Opinion by PINKHAM, C. This action was originally instituted in justice of peace court in Washington county, Okla., by the filing of a bill of particulars by the defendant in error, plaintiff in the court below, against the plaintiff in error, defendant in the court below. The parties will be referred to as plaintiff and defendant, as in the court below.

After a trial in the justice of the peace court, and verdict by jury in favor of the p'aintiff, an appeal was perfected to the district court of Washington county, Okla. Said cause was tried in the district court of Washington county, Okla., on the bill of particulars filed by the plaintiff in the justice court. The case was tried before a jury, and a verdict was rendered in favor of the plaintiff in the sum of $150. Motion for new trial was filed and overruled. Defendant appeals.

It appears from an examination of the record that the defendant had leased the land in question for the year 1918, and that the plaintiff had leased the said land for the year 1919, from Mrs. Heindselman, the owner, with the understanding that he might go in and plow the land in the fall of 1918.

Plaintiff also obtained the permission of the defendant to enter into the possession of the land for the purpose of plowing and sowing wheat for his 1919 crop. The plaintiff testified that the defendant informed him at the time permission to go upon the land was given, that he, the defendant, had two straw stacks upon the land and that he would have the same baled and hauled off; that the defendant said nothing about reserving the land for pasturing purposes; that he plowed and sowed to wheat 26 acres of the land about October 1, 1919, and that in the latter part of October it began raining, and rained practically all the time; that it was a wet winter, and the land was soft and muddy; that the defendant permitted his stock to pasture on plaintiff's wheat, and that in the soft ground the animals went half way to their knees; that when the plaintiff complained to the defendant, the defendant said. "I don't care, I can't help that"; that plaintiff threatened to take the stock up, and the defendant defied him to do so; that there were 22 head of horses and cattle of the defendant practically all the time trampling the wheat of the plaintiff, the ground being soft and wet from the middle of October to the 3rd of December; that the stock of defendant "would go in from four to eight inches deep, and when there was slush or water on the ground these tracks would fill up with mud and water, and after that it would come a freeze and would damage the wheat badly."

The defendant's testimony is in direct conflict with the testimony of the plaintiff, except that the defendant admitted that he gave the plaintiff permission to put in his wheat on the land in question, and that he pastured his stock on the wheat at certain times.

Plaintiff in error in his brief relies upon three propositions for a reversal of this cause: (1) The bill of particulars fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. (2) Plaintiff, as licensee, cannot recover in trespass against the defendant, who holds the legal title. (3) The court erred in the instructions he gave to the jury.

The bill of particulars against which the first assignment of error is directed is substantially as follows:

"That the said defendant is justly indebted to said plaintiff in the sum of $150 for damages sustained by said plaintiff by reason of the said defendant causing and permitting his cattle and horses to trespass and pasture upon the wheat belonging to and sown by said plaintiff and standing and growing upon the following described real estate situated, located and being in the county of Washington, and state of Oklahoma, to wit: (description of said land) and for trespassing upon said real estate upon which the said wheat is so standing and growing and by reason of the said defendant causing and permitting his said cattle and horses to trespass and pasture upon the real estate upon which said wheat is so standing and growing, which said trespass and pasturing was caused and permitted by the said defendant during the months of October, November, and December, 1918."

Plaintiff contends that the bill of particulars in this case fails to state a cause of action, for the reason that the action is one in trespass on realty, and that the plaintiff fails to state that he is either the owner, lessee, or has any interest in, or right to, said premises, and that before the plaintiff could maintain and state a cause of action, he would have to allege either ownership or right of possession of realty, neither of which has he done.

An examination of the record discloses that no attack was made on the bill of particulars either in the justice court or upon appeal to the district court, and no objection interposed to the introduction of any evidence on the part of the plaintiff to the effect that the plaintiff went into actual possession of the land described and sowed in wheat, and that he was in possession thereof when he was damaged by the defendant's cattle.

In the case of Elwood Oil & Gas. Co. v. McCoy, 72 Oklahoma, 179 Pac. 2, the last paragraph of the syllabus reads as follows:

"The cause of action was not as to how plaintiff occupied the premises, and it makes no difference whether under a lease or by permission of the owner, as their rights were substantially the same, but whether or not defendants did or caused to be done the injuries therein complained of."

An examination of the record discloses that one of the contentions on behalf of the plaintiff was that when the wheat field was soft and muddy the defendant turned his stock, principally horses, onto that field, and that the effect was to badly damage his wheat; the defendant's contention on this phase of the case was that he turned his stock onto the wheat field only when the ground was dry or comparatively so, and that the grazing of stock on the wheat under such conditions did not damage the wheat.

It is contended by defendant in his brief that plaintiff was a mere licensee, and

therefore the defendant had the right to use his own land in his own way, even if he did incidentally damage the plaintiff. We cannot agree with that contention, even if the plaintiff was to be regarded as a mere licensee. In 18 Am. Ency. of Law (2d Ed.) 1137, it is said: "* * * It is generally held that the licensor is liable for his own active negligence."

In the case of Nicolangeio Pomponio, Admr'r, v. The New York, New Haven and Hartford Ry. Co., 66 Conn. 528, it is said in the syllabus:

"As a general rule a landowner owes a more limited duty respecting his premises, to one who is there as a licensee, than to one who is there by his invitation, express or implied. But the distinction has no application to the positive, active negligence of the landowner; in this respect the owes as high a duty to the licensee, while on his premises, as to the person invited."

In view of the facts disclosed in the record, the defendant was clearly charged with the duty to use reasonable care in protecting the plaintiff's wheat from being injured by the presence of his stock upon the wheat field when the same was in a soft and muddy condition. Whether the defendant used such care, and whether the plaintiff was damaged by the acts and conduct of the defendant in permitting his stock to go upon the wheat field of the plaintiff, were questions of fact to be determined by the jury. The jury decided those questions against the defendant, and we are satisfied that there is ample evidence in the record to sustain the jury's verdict.

The third proposition discussed by counsel for defendant in his brief is that the court erred in the instructions he gave to the jury. No instructions were requested by the defendant and none were suggested by him. Counsel for defendant does not cite any authorities in his brief showing or tending to show that the instructions complained of are incorrect. His complaint is that the court failed to instruct the jury on certain propositions which defendant claims were involved in the cause.

In the case of Ross v. Cochran, 84 Okla. 148, 202 Pac. 1003, the syllabus is as follows:

"1. The rule is well established that, where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error.

"2. Where an instruction is correct as far as it goes, and it is urged by the defendant that under his theory of the case additional instructions should have been given, reversal will not be had unless a supplemental instruction is requested by such defendant embodying such theory.

"3. Under and by virtue of section 6005, Rev. Laws 1910, this court will not reverse the case for the rejection of evidence or giving an erroneous instruction unless in the opinion of the court, after examination of the entire record, it appears that the error complained of resulted in the miscarriage of justice or deprived the complainant of a statutory or constitutional right."

We think there was competent evidence reasonably tending to support the verdict of the jury, and there are no prejudicial errors shown in the instructions of the court. Judgment should be affirmed.

By the Court: It is so ordered.