HOLZBIERLEIN et al. v. STATE et al.

No. 32271. Oct. 1, 1946.

*172 P. 2d 1007.*

Leonard E. Roach, of Oklahoma City, for plaintiffs in error.

Brown & Cund, of Duncan, for defendant in error W. E. Cleveland.

DAVISON, J. This appeal involves proceedings before the Corporation Commission on the application of W. E. Cleveland, of Duncan, Okla., for a class "B" intrastate common carrier permit to transport oil field equipment and supplies, including pipe, tanks, and tank materials.

At the hearing before the commission appellants, who also operate in the Duncan area under such class "B" permits, appeared to protest granting of said application. Said parties will hereinafter be referred to as "applicant" and "protestants" respectively.

After the hearing the commission entered an order granting applicant the permit sought, and protestants have lodged this appeal from said order.

The first two of protestants' assignments of error concern the application form that was used to institute the proceedings. It is pointed out that said application was not sworn to as prescribed by Rule 5 (b) of Order No. 155639, promulgated by the commission, nor did it contain a description of the motor vehicles to be used in the service for which authority was therein petitioned, as required by 47 O.S. 1941 § 167 (b). These alleged errors are here presented for the first time. Protestants apparently concede that the information the applicant orally gave as a witness concerning his motor vehicles, without objection on their part, was sufficient to supply the necessary facts omitted from his written application. Applicant's counsel say that under the circumstances and the rules governing the waiver and cure of defects in the pleadings of ordinary court actions, the protestants cannot now urge the defects in the application as grounds for reversal of the commission's order. In answer to this argument protestants assert, without citation of authority, that rules concerning defects in pleadings do not apply. They also contend it is necessary to set forth in a petition for a class "B" permit "a brief description of each vehicle which applicant intends to use . . ." (47 O.S. 1941 § 167 (b) supra) in order for the Corporation Commission to acquire jurisdiction to issue the permit and that such jurisdictional defect cannot be waived or cured.

While it is true that jurisdiction of the subject matter of an action cannot be conferred upon any court by waiver, acquiescence or consent, still this does not mean that failure to allege or set forth a jurisdictional fact in the pleading or writing filed to invoke the court's jurisdiction is always deemed fatal to its judgment or order. See, for instance, Canavan v. Canavan, 17 N. M. 503, 131 P. 493. In the hearing before the Corporation Commission in this case the facts concerning applicant's equipment were as fully developed and exposed to scrutiny, without objection by protestants, as if said facts had been set forth in the application, and it does not appear that protestants' substantial rights were in any way prejudiced by the omission of such information from the application. Therefore, assuming without deciding that under the liberal rules heretofore applied to pleadings in order cases before the commission, the filing of an application setting forth the facts in question was necessary to invoke the jurisdiction of the commission in the present case (Oklahoma Gas & Electric Co. v. Okla. Natural Gas Co.,

85 Okla. 25, 205 P. 768; St. Louis & S. F. R. Co. v. Miller et al., 31 Okla. 801, 123 P. 1047; Hine v. Wadlington et al., 27 Okla. 285, 111 P. 543; St. Louis & S. F. R. Co. v. Williams, 25 Okla. 662, 107 P. 428), we think that under the circumstances revealed herein and the rule generally applied to pleadings in ordinary court actions, the application should be considered as if amended to include such facts. Gearhardt v. Moulder, 85 Okla. 200, 205 P. 141; Heindselman v. Harper, 91 Okla. 50, 215 P. 771.

As to the absence of a verification of the applicant's signature on the application, we think that defect was waived when protestants made no objection on this ground to proceeding with the hearing on said application, just as such conduct constitutes such a waiver in various court actions where by statute certain pleadings are required to be verified. See Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732; Green v. James, 147 Okla. 273, 296 P. 743; Javine v. Javine, 134 Okla. 283, 273 P. 267; St. John v. Ivers, 124 Okla. 215, 255 P. 706; Hutchinson Gin Co. v. Latimer Co. Natl. Bank of Wilburton, 106 Okla. 159, 233 P. 438.

Another alleged error cited by protestants is the failure of the commission in its order overruling their motion for a new trial to set forth basic findings of fact upon which the order was based. They say this is required by article 9, § 22, of the Oklahoma Constitution, as amended in 1941. We cannot agree. That section and its amendment requires "a written statement by the commission of the reasons upon which the action appealed from was based . . . " In such appeals, "the action appealed from" is not the order overruling a motion for a new trial. Though the commission may grant a new trial or rehearing in proper cases (Southwestern Bell Telephone Co. v. State, 181 Okla. 246, 71 P. 2d 747), a motion for a new trial is not necessary in appeals from said commission. Atchison, T. & S. F. Ry. Co. v. Love et al., 23 Okla. 192, 99 P. 1081. The "action appealed from" within the meaning of the statute is said commission's order on the merits of the case. Therefore, the commission did not err in failing to set forth findings of fact in the order in question.

The basic findings of fact upon which the action of the commission in granting the permit sought by the applicant was predicated, are found in its report as follows:

"The evidence discloses that the applicant is possessed of sufficient equipment to carry out the service sought; that he is possessed of certain heavy equipment especially adaptable to moving heavy machinery, which type is not owned by protestants; that he is an experienced operator having many years experience in offering such service to the public and that he is ready, willing and able to perform such service.

"The commission further finds that the oil companies throughout the state are having difficulty in obtaining carriers to transport and move oilfield equipment and that applicant has had many calls seeking his service for the transportation thereof.

"The commission further finds that the application should be granted and that public convenience and necessity warrants and requires the granting thereof, and that the service offered by protestants is not adequate to meet the present demand."

Protestants make no complaint against the commission's finding that the applicant possesses certain heavy equipment especially adaptable to moving heavy machinery that they do not possess. (The applicant's undisputed testimony was that his equipment will haul up to 70,000 or 75,000 pounds, while the protestants testified that the heaviest load either of them could haul was 25,000 and 35,000 pounds, respectively.) Both admitted that there were certain types of heavier oil field hauling in the Duncan area that their equipment would not accommodate, but they both testified to the effect that there are other licensed truckers operating in the area who have sufficient heavy equipment to take care of the need or demand for that type of hauling; that the equipment they themselves maintain is idle a

512

fifth and a third of the time, respectively; and they indicated that in their opinion this is not due to any deficiency in their equipment or service, but only to a lack of public need or demand, and that granting applicant the permit he sought would further decrease their business. They contend that there is no competent proof to support the commission's conclusion that "public convenience and necessity warrants and requires" the granting of said application or the finding upon which said conclusion is apparently based "that the oil companies throughout the state are having difficulty in obtaining carriers to transport and move oil field equipment . . . "

It was established by uncontradicted testimony that the equipment of the protestants was incapable of moving in an efficient and economical manner a rig or a string of cable tools which, according to the uncontradicted testimony of Mr. Rex Brannin, production superintendent of the Magnolia Petroleum Company in its Duncan district, is a 42,000-pound load. Mr. Brannin testified concerning difficulties his company had encountered in getting such heavy equipment moved in that area. He also testified he had ascertained from other employees of the company what facilities were available for transporting such equipment in that area and said it had been necessary for his company to obtain trucks from Oklahoma City, Dallas, and Ft. Worth, Tex., to move such equipment; and that this often caused delay and was expensive.

Applicant testified in some detail about occasions during a period of several months immediately preceding the filing of his application in which various drilling contractors and oil companies having rigs and other heavy equipment to move had sought the use of his services and equipment, some of whom told him they had been unable to obtain anyone else who could do such work satisfactorily. Protestants objected that such testimony was self-serving and that some of it was hearsay. Applicant further testified, however, to the effect

that he had made a survey of oil field hauling equipment in the Duncan area and of the demand for such equipment. We think his testimony as to the facts within his own knowledge concerning these subjects was as competent as such testimony from any other witness would have been, and though its weight and credibility should, of course, have been viewed as that of an interested witness, it was within the province of the commission as the trier of the facts to accept the competent portions of his testimony as true. See authorities cited in Borden v. Day, 197 Okla. 110, 168 P. 2d 646, at 649. What some of the drilling contractors or oil company employees may have told the applicant with reference to their ability to procure other haulers to move their oil field equipment was of course, in the nature of hearsay, but the admission of such testimony is not fatal to an order of the Corporation Commission where there is other "substantial evidence" to support it. Notice Muskogee Gas & Electric Co. v. State et al., 81 Okla. 176, 186 P. 730. In Pannell v. Farmer's Union Co-Operative Gin Ass'n et al., 192 Okla. 652, 138 P. 2d 817, this court said:

"It is our opinion that the determination of whether there is substantial evidence to establish or support an order made by the commission does not require that the evidence introduced by all of the parties be weighed but only that that evidence in the record tending to support the order entered be considered to determine whether it meets the test stated above. In other words, we are to determine whether the evidence introduced by the association implies such clarity as proof that it did induce the conviction that the application should be granted, or furnished a substantial basis of fact from which the issue tendered could be reasonably resolved."

In the present case there was no question under the testimony of the protestants themselves of their inability to handle heavier oil field equipment moving and that there was some such moving in the Duncan area. They maintained, however, that the heavy truck-

ing equipment of other licensed haulers operating in the area was sufficient to meet the demand for such equipment there. The record fails to disclose, however, that a single one of the truckers with "heavy" equipment named were Duncan men or companies. All whose locations were mentioned, operated from other cities, towns or villages at varying distances of 30 miles or more from Duncan. Thus the only issues of fact before the commission at that point were whether the volume and character of such business was such as to warrant a finding of public convenience and necessity for the service applicant was offering to render. The testimony of both of the witnesses who testified in support of the application justifies the conclusion that there is ample public need in the Duncan area for such service and that said need was not being adequately served by truckers with headquarters at distant points. And in our opinion the evidence was sufficient to show that public convenience and necessity warrants the establishment at Duncan of a trucking service such as that offered by applicant.

The probability that protestants' business may diminish as an incident to the operation of such service is not controlling. Ordinarily, priority in a particular field of service is a matter to be considered, and in order to foster sound economic conditions in the motor carrier industry, existing motor carriers should normally be accorded the right to transport all traffic which they can handle adequately, efficiently and economically in the territories served by them, as against any "newcomer" seeking to enter that field, but priority is not controlling as against public need (M., K. & O. Coach Lines v. State, 183 Okla. 3, 81 P. 2d 664), and in this case the applicant is equipped to enter a field of service which protestants admittedly are not serving.

Protestants contended that if the evidence warranted granting applicant any kind of a permit, it was only a limited or restricted one; that his authorization should have been limited to the hauling of only the heavier types of oil field equipment such as rigs and cable tools in a restricted area around Duncan rather than permitting him to haul, in addition thereto, pipe and lighter equipment to and from all points within the state. In the testimony before us there is sufficient evidence to justify the conclusion that restricting the area of applicant's operations to a certain portion of the state would have seriously reduced, if not destroyed, the value of applicant's services to his prospective patrons.

Although the point was not specifically raised at the hearing and no evidence was introduced pertaining thereto, we do not think the fact that the certificate granted the applicant allows him to haul pipe as well as heavier equipment demonstrates error in the order appealed from. Reason induces the conclusion that in connection with the moving of a complete drilling unit from one location to another, there is usually some equipment lighter than rigs and tools and also a certain amount of pipe that must be moved. If, by the terms of his permit, applicant was forbidden to fully utilize his equipment to handle such projects in their entirety, and those with such jobs to be performed were compelled to contract separately with one or more other truckers for the moving of the lighter equipment, inefficiency and unnecessary expense would undoubtedly result. While protestants' total volume of business might not be diminished as much by granting applicant, instead of the permit he has, one that is restricted in the manner counsel contend for, yet it stands to reason that such "piecemeal" moving would in the final analysis be less economical and satisfactory to both the truckers and their patrons. So here, again, the fact that the commission's order may result in the protestants being deprived of business is no argument against the justness or correctness of the order and no indication that it is contrary to the evidence

concerning public convenience and necessity.

Protestants also complain of certain remarks made by one of the commissioners during the examination of the applicant. They say these statements indicated that said commissioner had a preconceived idea, not based upon any evidence in the present case, that it is expensive to oil companies to have rigs "shut down" waiting for them to be moved from one location to another and as to the impossibility or impracticability of a carrier of heavy oil field equipment trying to operate within restricted area. They say this was prejudicial to their case, but they fail to substantiate said allegation. Ordinarily, allegedly improper remarks by a trial judge do not constitute reversible error unless it appears that they resulted in a miscarriage of justice and the complaining party was thereby deprived of a substantial constitutional or statutory right. Rowland v. Morgan, 178 Okla. 600, 63 P. 2d 712. There was testimony adduced to establish the truth of the commissioner's remarks, and as protestants have failed to point out in what manner they resulted in prejudice to their cause, and as we have found from an examination of the record that the commission's order was correct, we can but conclude that such remarks, if error, were harmless.

In connection with his answer brief applicant presents a motion to dismiss the present appeal, but in view of our conclusions as to the merits of the appeal, we deem it unnecessary to consider same. Having found no substantial merit in any of the arguments presented for setting aside the order appealed from, our decision is one of affirmance.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, and CORN, JJ., concur.