GROENDYKE TRANSPORT, Inc., et al. v. STATE.

No. 35142. May 26, 1953.

*258 P. 2d 670.*

Bernard I. Parker, Tulsa, for plaintiffs in error.

Bill Logan, Lawton, for defendants in error.

James G. Welch, Oklahoma City, for Corporation Commission.

WILLIAMS, J. George Gutshall and Rodney Varner applied to the Corporation Commission for a Class B motor carrier's permit. Notice was given and hearing had as provided by law. Applicants were not represented by counsel in the proceedings before the Corporation Commission. Several trucking companies appeared to protest and after the hearing the commission granted the permit. Protestants have duly appealed.

Rule 4 (c) of Order No. 15639 of the Corporation Commission is not incorporated in the record in this cause, but it is referred to therein and portions thereof are set forth in the protestant's brief, and, since it is legislative in its character, this court may properly take judicial notice of its contents. See Oils Inc. v. Corporation Commission of Oklahoma, 165 Okla. 202, 25 P. 2d 703. Said rule provides in substance that applicants for a Class B intrastate common carrier's permit shall make a showing of public convenience and necessity, and that, in the absence of evidence to the contrary, it will be presumed that existing carriers are rendering adequate service in the area concerned.

Mr. Gutshall testified in part that the reason for the application was that Mr. Varner had bought a new transport two years previously to haul gasoline, etc., to their own station and to their bulk customers; that one of their friends told Mr. Varner "I could turn you three or four loads of gas if you had an O.T.C. permit***"; that he had not had any request for service from service station operators who did not own transports of their own; that he did not know all of the trucking concerns that operate in the area covered by the application, but knew two of them in Lawton; that he didn't know whether or not the present operators were giving satisfactory service. Witness Mitchell, the only shipper witness called, testified that he was unable to get service in 1947; that Bacon Oil Company hauled for him up to that year; that he had not tendered them any business since 1947; that he had not tried to get any trucking concern to handle his needs since 1947. Mr. Varner testified that they didn't intend to try to build up a big business; that if they went into the transport business "full time", he would have to quit running the service station or hire a full time driver, and that he was not going to do either.

For the protestants, the manager of Nichols Truck Line testified that his company had 10 units of equipment, of which 3 were idle at that time; that his company solicits business and could take care of additional business; he named 16 trucking concerns which were competing for business in the area covered by the application. A representative of Groendyke Transport, Inc., testified that his company had about 140 pieces of equipment, of which 30 are used in Oklahoma; that not all of the units were busy, and additional business could be handled; that his company solicited business in the area covered by the application. The manager of Earl Bray, Inc., testified that his company operated 12 pieces of equipment in Oklahoma; that his company had never turned down any offered business. A representative of T & J Transport testified that his company had 8 units operating at about 50 or 60 percent of capacity; that his company solicits business in the area covered by the application; that no business had been turned down.

Applicants cite Southwestern Bell Telephone Co. v. State, 181 Okla. 246, 71 P. 2d 747, to the effect that, on appeal, actions of the Corporation Commission shall be deemed prima facie just, reasonable and correct, and that the burden of rebutting this presumption lies with the complaining party.

A careful examination of the evidence, of which the above summary is the most pertinent part, convinces us that applicants did not overturn the presumption created by Rule 4 (c) of Order No. 15639 of the Commission; that they

did not prove public convenience and necessity; and that protestants did rebut the presumption noted in the Southwestern Bell Telephone Co. case above styled.

The Order of the Corporation Commission is vacated.

JOHNSON, V.C.J., and DAVISON, ARNOLD, and BLACKBIRD, JJ., concur. CORN, J., dissents.