**GROENDYKE TRANSPORT, INC., Earl Bray, Inc., Hugh Breeding, Inc., W. R. Stubbs, Commercial Oil Transport, Grissom Brothers, and Ellsworth Brothers Truck Line, Plaintiffs in Error,**

v.

**The STATE of Oklahoma ex rel. Tommy AMENT d/b/a Ament Trucking Company, Applicant, Bethlehem Steel Company et al., Intervenors, and the Corporation Commission of the State of Oklahoma, Defendants in Error.**

No. 39666.

Supreme Court of Oklahoma.

Jan. 22, 1963.

Miller, Melone, Wilson, Adams & Rogers, George Miller, Geo. B. Spencer, Melvin J. Spencer, S. Edward Wagner, Oklahoma City, for plaintiffs in error.

William L. Anderson, Oklahoma City, Young, Young & Young, by Glenn A. Young, Sapulpa, for defendants in error.

HALLEY, Vice Chief Justice.

This is an appeal from an order of the State Corporation Commission, hereafter called the Commission, authorizing Tommy Ament, doing business as Ament Trucking Company, "to operate Class 'B' Freight, Intrastate, common carrier, motor carrier service for the transportation of petroleum and petroleum products in bulk and in cans, drums, and packages and return of empty containers, oil field equipment and supplies, including pipe, tanks and tank materials, such commodities as may require special equipment, or which may require extraordinarily expeditious and rapid transportation, not supplied by the Class 'A' carrier (limited to water); over the following route, to-wit: To and from all points in Creek, Okfuskee, Okmulgee, Tulsa, Pawnee, and Lincoln Counties."

The plaintiffs in error, hereafter called Appellants, are Groendyke Transport, Inc.; Earl Bray, Inc.; Hugh Breeding, Inc.; W. R. Stubbs; Commercial Oil Transport; Grissom Brothers; and Ellsworth Brothers Truck Line. They appeal from that portion of the order granting authority to Ament to transport petroleum and petroleum products. Appellants raise no question about the portion of the order pertaining to the transportation of oil field equipment and supplies. (In the hearings before the Commission the Oil Field Carriers Division of the Oklahoma Oil Field Haulers protested the granting of authority to transport equipment and supplies, but no appeal was taken therefrom.)

A preliminary contention of Appellants is that there was no evidence upon which to grant authority to Ament to operate within

the five counties named, other than Creek County. Although he was granted authority to operate only within six counties, he had sought statewide authority. Therefore Ament's evidence attempted to show the need for a permit covering the entire state, not just the six named counties. His testimony was that his operations would radiate from his headquarters at Sapulpa in Creek County to the remainder of the state. Witnesses testified concerning the need for Ament's service between Sapulpa and the following cities: Tulsa, Pawhuska, Duncan, Stillwater, and Cement. His services were said to be needed as well on and between leases in the counties of Creek, Tulsa, Kay, Okmulgee, Muskogee, and Osage. Thus the area for which the limited authority was granted falls generally within the area for which the evidence showed a need. There was other evidence generally indicating the present oil drilling and production activity in the region. The evidence is sufficient to sustain the grant of a permit as to the six counties named.

Appellants' main contention is that there was not substantial evidence to support the part of the order granting authority to Ament to transport petroleum and petroleum products.

Appellants' theory is correct that this Court must review the evidence to determine whether there is substantial evidence to sustain the Commission's order. Constitution, Art. 9, § 20; Producers Development Company v. Magna Oil Corporation, Okl., 371 P.2d 702.

Appellants argue that Ament's evidence, when analyzed, merely shows the need for non-carrier services rather than Class "B" services. For instance, his ability to build an oil well location, set up drilling rigs, rent tanks and trucks and provide bulldozers and operators is evidence of non-carrier services. Further, Appellants argue that Ament failed to show that existing petroleum carriers cannot or do not provide the carrier services he proposes to perform.

These arguments by Appellants fail to meet the basic theme of Ament's evidence. Ament presented numerous witnesses. Additionally several individuals and companies intervened in his behalf. Their evidence was that those whom he proposed to serve under a carrier's permit had need for a carrier with headquarters in Sapulpa who could provide the non-carrier work listed above, transport oil field equipment and supplies, and also transport petroleum and petroleum products. Lease operators and producers testified that they often needed a carrier to move both oil field equipment and petroleum. As an illustration, they may need to move a small tank and the oil in the bottom of the tank from one lease to another, which may be separated by long distances or just a few miles. None of the Appellants were shown to have terminals in Sapulpa. None of them had the variety of equipment which Ament has to supply the small-scale transportation needs of those in the oil industry in the area. Another example was the need of oil companies when using the fracturing method on a well to have the fracturing liquid, the tanks and the supplies, as needed, to be at the well location at the same time. If any one or more of the components is delayed, the expense of the men and material for the others continues. None of the Appellants is performing these combination services in the area, although they provide some parts of the combination of services.

We believe this appeal is controlled by our holding in Holzbierlein v. State, 197 Okl. 509, 172 P.2d 1007. There the Corporation Commission's order granting a permit was held not to be erroneous. In that case appellants argued that it was proper to allow the applicant a permit to transport heavy oil field equipment but that the applicant should not be allowed to haul pipe and other lighter equipment for which appellants could and did provide carrier service. In the instant case Appellants argue that Ament may properly be granted a permit to transport oil field equipment

and supplies but not petroleum and petroleum products. In the Holzbierlein case, supra, in answer to such argument, we said:

> "* * * Reason induces the conclusion that in connection with the moving of a complete drilling unit from one location to another, there is usually some equipment lighter than rigs and tools and also a certain amount of pipe that must be moved. If by the terms of his permit applicant was forbidden to fully utilize his equipment to handle such projects in their entirety and those with such jobs to be performed were compelled to contract separately with one or more other truckers for the moving of the lighter equipment, inefficiency and unnecessary expense would undoubtedly result. * * *"

This reasoning applies to the present appeal. If an oil well operator or producer were required to contract with one carrier to move a tank and another carrier to move the oil therein, inefficiency and unnecessary expense would result. The same would often be true in fracturing a well if several carriers had to be engaged to provide the synchronized service needed at the well.

Appellants rely on Groendyke Transport, Inc. v. State, 208 Okl. 602, 258 P.2d 670. It is distinguishable from the instant case because in the cited case there was insufficient evidence presented that public convenience and necessity required the issuance of the permit sought. Likewise the case of Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83, is not in point. There we said that the Commission should protect existing carriers from the prejudicial effects of excessive competition brought about by surplus services. There is no showing of surplus services in the present appeal. There is some showing here of additional service or duplication of service in some of the territory covered by Ament's permit. This is not the controlling consideration. Mistletoe Express Service

v. Corporation Commission, Okl., 316 P.2d 865.

There was substantial evidence introduced that Ament was able to handle the combination of carrier services that public convenience and necessity required, and the issuance of the permit was proper. Associated Motor Carriers v. Corporation Commission, Okl., 323 P.2d 337.

Affirmed.