**Nancy BURNWORTH, Appellee,**

v.

**Donald O. BURNWORTH, Appellant.**

**No. 50138.**

Court of Appeals of Oklahoma,
Division No. 2.

Nov. 1, 1977.

Released for Publication by Order of
Court of Appeals Dec. 1, 1977.

302

H. C. Cooper, Oklahoma City, Chris Condren, Legal Intern, for appellee.

Robert W. Pittman, Oklahoma City, for appellant; Martin P. Miller, Littleton, Colo., of counsel.

NEPTUNE, Judge.

This appeal by a Colorado resident challenges on jurisdictional grounds the orders of the Oklahoma trial court issued in a separate maintenance action.

The events and facts as disclosed by unchallenged affidavits and other matters of record are, in chronological order, as follows.

Nancy and Donald Burnworth were united in marriage on the 2nd day of August 1973 in Oklahoma City. On March 5th of 1974 they became residents of Colorado where they purchased a home in joint tenancy. They also made their federal and state tax returns for 1974 listing Colorado as their place of residence.

On September 3, 1975, Donald Burnworth filed an action for divorce in Colorado. Nancy came to Oklahoma and on October 6, 1975, filed here a petition for separate maintenance; her petition did not allege her residency, nor the residency of Donald; it did allege that the parties had acquired certain property, but it did not identify the property or state where it was located. On the basis of Nancy's petition, a temporary order and summons were issued and directed to Donald in Colorado. The temporary order directed Donald to pay, beginning October 30, 1975, $750 a month support and $750 temporary attorney's fee and costs. On October 17, 1975, the order and summons were personally served on Donald in Colorado. The summons required an answer by November 10, 1975. In the meantime, the parties had reconciled, and Nancy had returned to the parties' home in Colorado sometime in October of 1975 where they lived together until November 6, 1975, at which time they again separated. On November 7, 1975, Donald refiled his Colorado divorce action against Nancy. There is no showing of service on Nancy. The petition stated that her address was unknown.

On May 14, 1976, a default decree of separate maintenance was rendered in Oklahoma premised upon Nancy's original petition therefor. The decree made findings as follows:

"That this Court has jurisdiction of this cause and of the parties hereto.

"That the material facts, as alleged by plaintiff in her petition are true.

"That, by reason of the acts and misconduct of the defendant, plaintiff was compelled to leave said defendant and has lived apart from said defendant since approximately September 13, 1975.

"That, by order of this Court dated October 6, 1975, the defendant was ordered to pay to plaintiff the sum of $750.00 per

month as temporary support, commencing on October 30, 1975. That said amounts have not been paid and plaintiff is entitled to recover judgment against the defendant for back temporary support.

"That defendant should be ordered and directed to pay plaintiff's reasonable and necessary temporary and permanent attorney fees.

"That the defendant should be ordered and directed to pay regular and periodic payments of support to the plaintiff.

"That a state of complete and irreconcilable incompatibility has arisen between the parties hereto, as alleged in plaintiff's petition by reason of which plaintiff is entitled to a decree of separate maintenance from the defendant."

Orders consistent with the findings were set out in the decree.

Shortly after garnishment of Donald's employer, United Airlines, Chicago, Illinois, Donald made special appearance in the Oklahoma case seeking by motion to set aside the default judgment, to quash the garnishment, and to dismiss the cause. The affidavit and documents attached to the special appearance paper asserted and furnished all of the facts relating to residency, Donald's divorce actions, and the reconciliation. The affidavit stated specifically that Nancy was, at the time she filed her separate maintenance action, a resident of Colorado; it further stated that Donald's divorce action filed November 7, 1975, was then pending in the Adams County District Court, Brighton, Colorado, which had jurisdiction. No counter-affidavits were filed, and at the hearing on the motions, no evidence was submitted by either party. The trial court overruled all motions. Donald appeals.

Appellant's proposition of error states: "All proceedings in the district court of Oklahoma County in this case were absolutely void and a nullity, because the court did not have jurisdiction under the pleadings filed therein."

Appellant notes that 12 O.S.1971 § 1272.-1(b) provides:

"An action for separate maintenance may be brought in the county in which either party is a resident at the time of the filing of the petition."

He relies upon *Beach v. Beach,* 4 Okl. 359, 46 P. 514 (1896) the fifth syllabus of which sets forth:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the territory for 90 days next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed. Such *residence is a jurisdictional fact, that must be alleged and proven* by the plaintiff, and must affirmatively appear in the record. Jurisdiction of the subject-matter cannot be acquired by waiver or consent. Not only the courts look at the matter of jurisdiction without the question being raised by the parties, but in every case they are bound to inquire whether the facts presented give jurisdiction." (emphasis ours)

In *Beach,* the record did not convince the appellate court that the appellee was a resident of the territory and county, so the court held that the court below had no jurisdiction and that its proceedings were a nullity.

*Haynes v. Haynes,* 190 Okl. 596, 126 P.2d 65 (1942) recognized the validity of the rule expressed in *Beach.* Because the facts were quite different from those in *Beach,* the jurisdictional issue was decided on a different basis. The court said:

"The court had jurisdiction of plaintiff's action, and the allegations of her petition affirmatively stated all necessary jurisdictional facts. Therefore, the court had power to grant defendant a divorce regardless of his present residence."

This holding reinforces the requirement that for jurisdiction to attach, at least one of the parties must be resident.

Appellee urges in support of the judgment that any shortcomings of appellee's petition were cured by the findings made by the trial court after hearing testimony, in that it found that the court had jurisdic-

tion of the cause and of the parties. She cites *Hunt v. Tulsa Terrazzo & Mosaic Co.,* 157 Okl. 174, 11 P.2d 521 (1932) to support her position that a judgment will not be reversed because of defects in the petition when the deficiencies are supplied by the proofs. The cited case does not reach the issue of a deficiency in the pleading of a jurisdictional fact, and therefore does not support appellee's contention.

A case that does involve defects in pleading jurisdictional facts is *Holzbierlein v. State,* 197 Okl. 509, 172 P.2d 1007 (1946). Appellee urges that the case clearly overrules *Beach* and shows that *Beach* is no longer applicable in Oklahoma. Our examination and analysis of *Holzbierlein* does not lead us to the conclusion reached by appellee, though we recognize some persuasion in that direction.

*Holzbierlein* is a case dealing with the granting by the Corporation Commission of an application for a class "B" intrastate common carrier permit. It does not deal with divorce. The jurisdictional questions raised rested on the facts that the application for the permit was not verified and the motor vehicles were not properly described in the application. The supreme court held that in the circumstances of that case, the failure to allege jurisdictional facts was not fatal to the Commission's order. Because the protestants to the application for the permit were present, did not object to proceeding with the hearing, and developed the facts relating to the applicant's equipment as if the jurisdictional facts had been set out, the supreme court treated the application as amended to show the jurisdictional facts required by the statute.

In the case at bar, facts relating to jurisdiction are not shown to have been established. The judgment does make a conclusory finding that the trial court had jurisdiction. But that is an empty recitation in the face of the contrary unchallenged showing on the part of appellant in support of his motion.

█ It is a basic premise of Anglo-American law that the jurisdictional fact of domicile is a prerequisite to a court's power to render a divorce. *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Restatement (Second) of Conflict of Laws* § 72 (1972). The dilemma of migratory divorce will exacerbate unless the courts continue to require a jurisdictional foundation at least of residency. It is therefore not reasonable that Oklahoma courts should exert jurisdiction in domestic relations matters over residents of other states, in the absence of special circumstances. Exceptional special circumstances are not present in this case. The pleading filed by appellee avoided identifying the residency of either litigant. The record impels the conclusion that appellee was a resident of Colorado at the time she filed her petition and that she confirmed that residency upon reconciliation. Applying the rules established by the authorities above cited, we hold that the trial court never acquired jurisdiction because appellee petitioner did not plead and prove the required jurisdictional facts.

█ A default judgment must be set aside if the court had no jurisdiction over the person of the defendant or the subject-matter. *Farmers' Union Coop. Royalty v. Woodward,* Okl., 515 P.2d 1381 (1973). And a void judgment may be vacated at any time, on motion of a party or any person affected thereby. 12 O.S.1971 § 1038.

Reversed and remanded with direction to sustain appellant's motions.

BRIGHTMIRE, P. J., and BACON, J., concur.