YELLOW TRANSIT CO. et al. v. STATE et al.

No. 31865. Feb. 11, 1947.

*178 P. 2d 83.*

Duke Duvall, Dudley, Duvall & Dudley, M. M. Gibbens, and Rainey, Flynn, Green & Anderson, all of Oklahoma City, for plaintiffs in error.

Floyd Green and James G. Welch, both of Oklahoma City, and Charles F. White, of Sulphur, for defendant in error Corporation Commission.

Hatcher & Bond, of Chickasha, for W. A. Johnson, an individual, d/b/a Johnson Motor Lines.

BAYLESS, J. W. A. Johnson, d/b/a Johnson Motor Lines, applied to the Corporation Commission for a permit to operate as a common carrier of freight by motor intrastate between Oklahoma City, Ardmore, and Gene Autry Field, an army base near Ardmore. At the time this application was filed Johnson had a permit and operated between Oklahoma City and Fort Worth, Tex., through the town of Ardmore. The application was opposed by Yellow Transit Company and J. R. Dulaney, d/b/a Dulaney Freight Lines, both motor carriers, and two railway companies. Pending the hearing on the application, Yellow Transit Company completed the transaction whereby, with the approval of the Interstate Commerce Commission, it purchased the business of Dulaney. This then placed Yellow Transit, as an opponent of Johnson, in position of furnishing intrastate business to the points which Johnson desired to serve as well as competing with Johnson for the interstate business between Oklahoma City and the Texas points.

The applicant and opponents introduced much evidence in support of their respective positions, and Yellow Transit Company et al. appeal from the order of the Corporation Commission granting Johnson's application. We gather from the briefs filed that the parties quote and rely on the same general rules of law and decisions based thereon regarding the nature of the power and duty of the Corporation Commission in hearing these matters and the appellate power and duty of this court when reviewing such orders. 47 O.S. 1941 § 161 et seq.; sec. 20, art. IX, Constitution of Oklahoma, as amended in 1941; Ex parte Tindall, 102 Okla. 192, 229 P. 125; Chicago, R. I. & P. R. Co. v. State, 126 Okla. 48, 258 P. 874; Pannell v. Farmers, etc., Gin Association, 192 Okla. 652, 138 P. 2d 817; and Chicago, R. I. & P. R. Co. v. Vogel, 195 Okla. 194, 156 P. 2d 620; and decisions announcing similar rules from other jurisdictions. The paramount dispute between the parties is whether there is substantial evidence to sustain the order entered by the Corporation Commission.

In the Pannell Case, supra, we said:

"Both parties agree that substantial evidence means something more than a 'scintilla of evidence' and means evidence that possesses something of substance and of relevant consequence and such that carries with it fitness to induce conviction. Both parties agree in citing cases that say that substantial evidence is such evidence that reasonable men may fairly differ whether it establishes a case. The cases cited by plaintiffs in error, N.L.R.B. v. A. S. Abell Co. (4th Cir.), 97 Fed (2d.) 951, 958, wherein it is said '. . . substantial evidence is evidence furnishing a substantial basis of fact from which the fact in issue can reasonably be inferred . . .' and N.L.R.B. v. Union Pacific Stages (9th Cir.), 99 Fed. (2d) 153, 177, wherein it is said '. . . It implies a quality of proof which induces conviction and makes an impression on reason,' well state the rule upon which the parties agree.

"It is our opinion that the determination of whether there is substantial evidence to establish or support an order made by the Commission does not require that the evidence introduced by

all of the parties be weighed but only that that evidence in the record tending to support the order entered be considered to determine whether it meets the test stated above. In other words, we are to determine whether the evidence introduced by the Association implies such clarity as proof that it did induce the conviction that the application should be granted or furnished a substantial basis of fact from which the issue tendered could be reasonably resolved."

The finding of the Corporation Commission which now must be sustained by substantial evidence is whether the public convenience and the public necessity are served by the order it makes. The decisions above referred to all stand for the rule that before an order granting additional facilities in the nature of public utilities can be made there must be found from the evidence the specific notion that the convenience and necessity of the public as contrasted with individual must be served or benefited. In the discussion indulged in those cases it is easy to note that the convenience and necessity of one person or of a limited number of persons does not constitute the public in the general sense, and at the same time it is equally obvious that the term "public" does not imply that every individual within the domain being considered must be benefited or served by the particular service proposed to be ordered. It can be understood why the parties to this action have grounds to differ over the weight and effect of the evidence introduced when the numerous decisions of the courts and regulatory bodies on such a variety of fact situations are made to turn upon conflicting evidence and frequently highly conflicting evidence tending to establish or deny the existence of the imprecise term "the public convenience and necessity." Whatever imprecision inheres in the bare statement of the test by which the issue is determined, the regulatory bodies and courts nevertheless by their decision in one way or the other reach a precise and specific notion on the particular issue before them.

We have adopted in the Pannell Case

and others the basic notion that substantial evidence is evidence that possesses substance or is relevant to the issue and is fit to induce conviction on the subject. If it is evidence of a character that reasonable men may fairly differ concerning whether it establishes or denies the existence of a point, it is sufficient. We said in the Pannell Case that the determination on appeal of whether there is substantial evidence to establish or support an order made by the Corporation Commission does not require that the evidence introduced by all of the parties be weighed, but only that the evidence in the record tending to support the order entered be considered to determine whether the test is met. If the evidence introduced by Johnson alone or by all of the parties is of such a character and has such substance as to make an impression on the reason of the commission to the extent that the Corporation Commission can be convinced one way or the other, its order must be sustained on appeal as having met the test.

As mentioned before, there are several hundred pages of evidence from approximately 30 witnesses. As must be expected from a hotly contested issue such as this, the testimony of the individual witnesses varied or could be modified or qualified by searching examination and cross-examination. A recital, even in summary form, of this evidence and an outline of the salient conflicting points would not serve a useful purpose in this decision. Our statement that upon a review of all of the evidence we are of the opinion that there is substantial evidence in the record to sustain the order of the Corporation Commission had it been for or against the applicant, is sufficient to disclose that the test by which these records are weighed has been met and requires that the order actually entered by the Corporation Commission be sustained.

In addition to the direct evidence of the witnesses dealing with the necessity or lack of necessity of additional service, the Corporation Commission generally

**232**

was familiar with the over-all picture, and this, of course, included the facilities then being applied to the rendition of service to the area affected. The duty which the Corporation Commission owes to the public and to the public utilities, in the exercise of the power vested in it, is to maintain a reasonable balance in an effort to see that the public is adequately served in the particular matter and at the same time to see that the public and the public utilities involved are not prejudiced by the effects that flow from excessive competition brought about by surplus services. The Corporation Commission cannot be arbitrary in its rulings on these matters and must not be capricious and, unlike a jury which may act on some evidence, must act upon some substantial evidence. When its order in this case is judged in the light of these principles upon the evidence in the record, we are unable to say that its order in this instance is not sustained by some substantial evidence.

The judgment appealed from is affirmed.

HURST, C.J., and RILEY, OSBORN, and WELCH, JJ., concur. DAVISON, V.C.J., and GIBSON and ARNOLD, JJ., dissent.