Application of CHOCTAW EXPRESS CO.

DAY v. CHOCTAW EXPRESS CO.

No. 34383. Feb. 17, 1953.

*253 P. 2d 822.*

W. T. Brunson, Oklahoma City, for protestant.

Cornish & Baumert, McAlester, for respondent.

James G. Welch, Oklahoma City, for Corporation Commission.

O'NEAL, J. Upon the application of Choctaw Express Company, a corporation, for a Certificate of Public Convenience and Necessity, the Corporation Commission of the State of Oklahoma entered its report of the Commission and its order authorizing Choctaw Express Company to operate Class "A" motor carrier freight service as follows:

"Between Oklahoma City, Oklahoma, and McAlester, Oklahoma, via State Highway No. 3 from Oklahoma City to intersection of said State Highway No. 3 and U. S. Highway No. 270 (said intersection being located approximately 4 miles west of McLoud) thence via U. S. Highway No. 270 to McAlester, serving all points on route in either direction. Conditioned, however, that on east bound movement applicant shall operate with closed doors upon leaving Oklahoma City and until reaching McAlester."

The Commission's order was based upon its finding that public convenience and necessity require the granting of the application, and that upon said finding that a Certificate should issue in accordance with the application.

A protest to the granting of the Certificate to applicant was filed by H. A. Day Truck Lines, in which protestant pleaded that it had purchased a Certificate of Public Convenience and Necessity, formerly issued by the Corporation Commission to the Berger Freight Lines Company; that an application to transfer said Certificate from the Berger Freight Lines Company to protestant is on file with the Corporation Commission; that the said Certificate, last referred to, authorizes common carrier motor operations between Oklahoma City and McAlester, Oklahoma, via U. S. Highway No. 270. It is further alleged that operations are presently being conducted over said route in interstate and intrastate commerce by the Rock Island Motor Transit Company. Upon grounds that there is not a sufficient volume of freight moving between or over said route, protestant asks that the application of Choctaw Express Company be denied.

Although the Rock Island Motor Transit Company, as well as the Yellow Transit Company, made general appearances in the cause before the Commission, they did not file formal protest to the granting of Choctaw Express Company's application. The report of the referee found, among other facts, that the Rock Island Motor Transit Company was operating eleven round trips a week between Oklahoma City and McAlester, and eleven round trips a week between Oklahoma City and Shawnee, Oklahoma, and six round trips between Oklahoma City and Seminole, Oklahoma. Upon these findings the referee recommended that the application of Choctaw Express Company be denied.

Upon exceptions being taken to the report and upon a final hearing before the Commission, the order, supra, was entered as of September 22, 1947, granting the Choctaw Express Company's application as prayed for.

The protestant, H. A. Day, d/b/a H. A. Day Truck Lines, appeal (a) challenging the order as not sustained by substantial evidence; and (b) that in any event the court's finding that Choctaw Express Company had knowingly violated certain statutory requirements, as well as the Rules and Regulations of the Commission, in that it commenced doing business prior to the issuance to it of a Certificate of Public Convenience and Necessity, is a bar to the issuing of the permit in question. Choctaw Express Company will hereafter be designated as Applicant; H. A. Day, d/b/a H. A. Day Truck Lines, as Protestant; Rock Island Motor Transit Company as Rock Island; Berger Freight Lines as Berger, and the Corporation Commission of the State of Oklahoma as the Commission.

The record discloses that prior to June, 1949, the route in question was served by the Rock Island and by Berger, the latter company having become insolvent had discontinued its operation as a common carrier between McAlester and Oklahoma City, and intervening points. The Certificate of Berger was sold by the trustee in bankruptcy to protestant, which sale was approved by the Commission. Applicant filed its application with the Commission shortly after the Berger bankruptcy proceeding was filed, and after Berger had discontinued its operations under its Certificate issued by the Commission. Pending a hearing upon the application of applicant, it furnished service between McAlester and Oklahoma City and return, and it posted the required liability and fidelity bonds with the Commission. The applicant's Certificate of Public Convenience and Necessity and the protestant's application for approval of its purchase of the Berger certificate were each approved by the Commission as of September 22, 1949.

Protestant seeks to vacate the order of the Commission upon the assertion that:

"There is a total lack of evidence to sustain the finding that present and future public convenience and necessity requires applicant's proposed operations and the lack of substantial evidence in support of the application requires that the application be denied."

As provided by the Constitution of the State of Oklahoma, article 9, sec. 20, as amended by Senate Bill 61, S. L. 1941, in considering protestant's challenge that the order was erroneously entered, we limit our consideration to the question whether the order is supported by substantial evidence. Pannell et al. v. Farmers Union Co-Op. Gin Ass'n et al., 192 Okla. 652, 138 P. 2d 817; Chicago, R. I. & P. Ry. Co. v. Vogel, 195 Okla. 194, 156 P. 2d 620; Yellow Transit Co. v. State, 198 Okla. 229, 178 P. 2d 83. In these cases we defined "substantial evidence" as something more than a "scintilla of evidence"

and said it means evidence that possesses something of substance and of relevant consequence and such that carries with it fitness to induce conviction. Other courts have said the principle which applies in determining whether the evidence will support a jury verdict, applies to findings of the Commission. We think that every order of the Commission must be sustained by competent and material evidence, and that an order is not justified without a basis in evidence having rational probative force. This case, therefore, calls for an answer to the question, whether there is substantial evidence to support the order of the Commission.

As has been noted, the Berger Lines had gone into bankruptcy and had abandoned their operation between points of McAlester and Oklahoma City, prior to the filing of applicant's application for a permit to operate its lines between said points.

Protestant's president, Ezra Hester, testified that Rock Island left McAlester at 11 o'clock in the morning and returned during the night; that they proposed to give a better service by loading out at the end of the day's business, both at McAlester and Oklahoma City, and thereby provide an overnight service in both directions. Protestant's objection was largely based upon the ground that there was not a sufficient volume of freight moving between the proposed cities and proposed route to justify a third carrier.

The traffic manager of McKesson-Robbins Drug Company, doing business at McAlester, testified that its business required an overnight truck service at all points between McAlester and Oklahoma City; that the present service, furnished by Rock Island, did not meet his company's requirements as frequently Rock Island did not pick up the freight for several days after being placed upon the platform for shipment.

The owner of Maytag Company of McAlester, Oklahoma, testified that he

shipped his refrigeration equipment to points between McAlester and Oklahoma City; he stated that after Berger ceased operations he shipped by Rock Island, but the latter service was frequently 24 hours behind its schedule.

The manager of the B. F. Goodrich Company of McAlester, Oklahoma, testified that their company discontinued using Berger service eight months prior to the present hearing because of its inefficient service.

The owner of the Central Motor Supply Company at McAlester, Oklahoma, testified that his company handled automobile and equipment supplies; that he was compelled to abandon shipments between McAlester and Oklahoma City, because of inadequate service furnished by Rock Island and Berger; that for the past year his company had been compelled to use trucking service to deliver its equipment out of Ft. Worth and Dallas, Texas.

There is additional evidence of merchants doing business in McAlester, to the effect that their businesses require a regular and permanent overnight service between McAlester and Oklahoma City. These witnesses testified that they either had or would avail themselves of the shipping facilities of applicant if it received a permit.

Protestant's second proposition urges that in any event the Commission should not have granted applicant's permit on the ground that applicant's knowing and admitted violation of constitutional and statutory requirements and the Rules and Regulations of the Corporation Commission and applicant's unstable financial condition, render it unfit to conduct operations as a common motor carrier, and the finding by the Commission that applicant is fit, willing and able to operate a common motor carrier service is not sustained by the evidence and is such an abuse of the discretion of the Commission that this court should grant relief.

Protestant does not support this proposition by argument or citations of au-

thority, and we deem it unnecessary to examine the question further than to observe that the question of the financial condition of applicant, and its ability to operate the common carrier, are matters solely within the province of the Commission to resolve, and no contention is here advanced that the Commission's general findings in this respect are not supported by substantial evidence.

The order of the Commission is affirmed.