ASSOCIATED MOTOR CARRIERS,
HOUSEHOLD DIVISION,
Plaintiff in Error,

v.

CORPORATION COMMISSION of the State
of Oklahoma, Defendant in Error.

No. 37834.

Supreme Court of Oklahoma.

March 18, 1958.

George W. Gay, Oklahoma City, for plaintiff in error.

James G. Welch, Oklahoma City, by William L. Anderson, Oklahoma City, Hoel & Horton, Stillwater, for defendant in error.

BLACKBIRD, Justice.

This appeal concerns an application to the State Corporation Commission by one Real Pitts of Stillwater, Oklahoma, for a Class "B" Motor Carrier Service Permit to transport "used emigrant moveables, including household goods in and out of Payne County, Oklahoma, to and from any point within the State of Oklahoma."

Some of the more material facts adduced at the hearing before the Commission's Referee on said application, were that the population of Stillwater increased from 10,097 in 1940, to 20,238 in 1950, and is now estimated to be 24,051, with some fifteen to twenty new residential additions being built in the last ten years; that said city is the home of Oklahoma A & M College (now Oklahoma State University) whose enrollment increased from 3,000 in 1946, to 5,700 in 1950, to 9,300 in 1956, and that 37% of said institution's present enrollment consists of married students; that said College has 300 to 400 military personnel, about one-third of which changes from year to year; that the housing situation in said city is now acute and the College has recently received bids for the construction of 240 more dwelling units to house married stu-

**338**

dents; that during the past ten years, said city has had only two local moving and transfer businesses, Triplett's Transfer and Storage and Rhea's; that for storing furniture, Rhea's has one building with dimensions of 40 feet by 80 feet, and another with dimensions of 20 feet by 40 feet; for moving furniture, Rhea's has two vans; that Triplett's also has two warehouses for storing furniture, together with three moving vans and one pickup truck; that Perry, Oklahoma, 24 miles away, with a population of only 6,000, has seven locally owned moving vans (King's and Park's), 6 of which have been placed in service within the past five or six years, while, in Stillwater the only addition to Triplett's and Rhea's trucks has been the replacing of one having a 16 foot bed, by one with a 20 foot bed.

The evidence further showed, among other things, that the times of the year when there is the most moving in and out of Stillwater, referred to as "peak" periods, are in August and September before school starts, about the middle of the winter near the mid-term of the school year, and in the spring about the time school is out. The evidence further showed that, according to the tariff schedule for Class "B" Motor Carriers, there is one rate for shipments ranging from 1,000 pounds to 4,000 pounds; but the evidence indicated that most of the need of the married college students, which occurs during the aforesaid "peak" periods, is for the moving of household goods and personal effects in lots weighing less than 2,500 pounds; and the undisputed evidence established that much of this type of moving was not being done, either by Triplett's or Rhea's. There was evidence, from which it could reasonably be inferred, that under the custom or rule followed by Class "B" Carriers now serving Stillwater, a shipment must aggregate as much as 4,000 pounds before it will be "expedited", or shipped direct by itself, otherwise its transportation out of said city is delayed until that much weight, or poundage, consigned to the same destination, can be accumulated by the carrier handling it. Also a person, or family, having less than 1,000 pounds to move, must pay the minimum rate prescribed by the tariff for 1,000 pounds.

The explanation for the undisputed fact that so much of the need of married students moving in and out of Stillwater, is not being served by any Class "B" Carrier, according to Don Chevalley, who appeared in opposition to Pitts' application, is that those couples cannot pay "the 4,000 pound expedited or 1,000 pound minimum", and, as a result they resort to carrying their goods by car or trailer, or to using farm trucks and so-called "bootleggers."

The applicant, Pitts, proposed to satisfy the above-described need by providing storage facilities in which he could accumulate what he termed "condensed" shipments, and to expedite shipments of 2,000 pounds or more, for shorter hauls, at the "published rate * * *".

At the close of the hearing, the Referee filed his Report, therein expressing his opinion that the application should be granted. Then, after a hearing upon exceptions to said Report, the Commission entered its order approving and adopting said Report and granting the Application.

Plaintiff in error, hereinafter referred to as appellant, perfected this appeal from said Order, asserting, as its sole proposition of error, that Pitts, hereinafter referred to as applicant, failed to show that public convenience and necessity required the issuance of the permit. It argues that the record does not disclose "substantial" evidence sufficient to overcome the presumption indulged, at such hearings as the one here involved, under Corporation Commission Order No. 15638, that carriers in the area concerned are rendering adequate service, and that the applicant did not discharge his burden of overcoming such presumption, citing Groendyke Transport, Inc. v. State, 208 Okl. 602, 258 P.2d 670. We do not agree. As hereinbefore indicated, all of the witnesses who testified specifically concerning it, agreed that much of the moving of the household goods of married couples, connected (either as students, faculty members, and/or military personnel) with Still-

water's major educational institution and population-drawing factor, is not being done by Class "B" Carriers. And, the hereinbefore-described reason for this is deducible, not only from the applicant's evidence, but from testimony elicited from other witnesses, some of whom appeared in opposition to the application. In connection with this undisputed failure of present possessors of Class "B" permits to furnish satisfactory moving service for smaller shipments, it was not shown that any of those owned and operated outside of said city have storage facilities in Stillwater enabling them to handle such shipments, as the applicant proposes to do. And, Mrs. Triplett, the only owner of a local moving and transfer establishment who appeared, was evasive when counsel for the applicant attempted, more than once, to ascertain from her whether or not her establishment would as expeditiously and economically transport shipments out of Stillwater as small as the applicant proposed to do. When asked the direct question as to whether it would move 2,000 pounds to Tulsa "immediately without waiting for additional loading", she merely replied: "In our business we try to have something lined up going or coming back." She did testify that her storage facilities were not then filled, but she gave no testimony from which it could reasonably be inferred that if she gave the service applicant proposed to give, such facilities would not be overtaxed during the aforesaid "peak" periods of Stillwater's need. Mr. A. C. Kerr, of King's Van & Storage Company, Oklahoma City, testified in substance that it would not be good business to spend "five to $10,000 for a piece of equipment" to use during the peak periods, unless it could be kept "halfway busy the rest of the year." According to the applicant's evidence, however, he has both the trucking equipment and storage facilities to inaugurate the service he applied to furnish, and to add to these as the need arises.

Both parties agree that our review in appeals from orders of the Corporation Commission, not involving claimed violations of constitutional rights, does not, under Art. IX, sec. 20, of the Oklahoma Constitution, require weighing or comparison of the evidence and that its sufficiency to sustain the order hinges only upon whether or not there is substantial evidence to support it. See Application of Choctaw Express Co., 208 Okl. 107, 253 P.2d 822, 824; Creslenn Oil Co. v. Corporation Comm., 206 Okl. 428, 244 P.2d 314, 317, 318; Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83.

From the foregoing, we think it clear that the order herein appealed from is supported by substantial evidence. It is therefore affirmed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

CARLILE, J., dissents.