PRODUCERS DEVELOPMENT COMPANY,
C. Andrade, III, and Roland S. Bond,
Plaintiffs in Error,

v.

MAGNA OIL CORPORATION, Phillips Petroleum Company, Kerr-McGee Oil Industries, Inc., and The Corporation Commission, Defendants in Error.

No. 39454.

Supreme Court of Oklahoma.

March 20, 1962.

Rehearing Denied May 29, 1962.

Houston Bus Hill, Oklahoma City, Louis Fischl, Ardmore, McDonald, Sanders, Nichols, Wynn & Ginsburg, Fort Worth, Tex., for plaintiffs in error.

Ferrill Rogers, Conservation Atty. and Lester D. Hoyt, Asst. Conservation Atty., Oklahoma City, for defendant in error.

Wallace Robertson (of Robinson, Robertson & Barnes), Oklahoma City, for Magna Oil Corp.

Wm. J. Zeman, Lloyd G. Minter, Bartlesville, Cecil C. Hamilton, for Phillips Petroleum Co.

Carter G. Dudley, Oklahoma City, for Kerr McGee Oil Industries, Inc.

HALLEY, Justice.

Producers Development Company and associates (hereafter called Protestants) are owners of the oil and gas leasehold estate on one of four tracts included in a unit area called the West Cache Creek Unit in Cotton County, Oklahoma. They protested the approval of the unitization plan before the Corporation Commission and now appeal from the order of the Commission entered over their protests. Magna Oil Corporation had made application for the order creating the unit and will be referred to as Applicant.

Protestants do not object to their tract being made a part of a unit for the purpose

of unitized management, operation and further development of the portion of a common source of supply included within the unit area. Their contention, as stated in the brief, is that the Commission's order "is clearly against the weight of the evidence" in that the unitization formula for their percentage of participation in the unit production is unfair, unjust, confiscatory and violative of correlative rights.

■ This Court is not required to weigh the evidence in an appeal of this nature. The Constitution of the State of Oklahoma, Article IX, § 20, provides, in part, as follows:

> " * * * the review by the Supreme Court shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. Upon review, the Supreme Court shall enter judgment, either affirming or reversing the order of the Commission appealed from. * * *"

Our duty is to review the evidence to determine whether there is substantial evidence to sustain the Commission's order. The rule concerning "substantial evidence" is found in Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83:

> "The determination whether there is 'substantial evidence' to support an order made by Corporation Commission does not require that the evidence be weighed, but only that the evidence tending to support the order be considered to determine whether it implies a quality of proof which induces the conviction that the order was proper or furnishes a substantial basis of facts from which the issue tendered could be reasonably resolved."

This rule has been consistently followed. Cities Service Oil Co. v. Anglin, 204 Okl. 171, 228 P.2d 191; Application of Champlin Refining Co., Okl., 296 P.2d 176.

■ We have reviewed all the evidence introduced at the various Commission hearings in this matter, consisting of the testimony of expert petroleum engineers, and find that there is substantial evidence supporting the Commission's finding that the unitization plan contains fair, reasonable and equitable provisions for the division of interest or formula for the apportionment or allocation of the unit production among the separately owned tracts within the unit area.

The unitization formula for participation in the production of the unit is a split formula. Of the first 40,000 barrels of oil which are produced, the Protestants will receive .5424983 of the production of the four tracts in the unit for the month of January, 1958, which was the last full month before the Protestants installed a vacuum on the wells on their tract. Applicant's expert witness testified that the figure of 40,000 barrels of oil represents the estimated remaining net economically recoverable primary production of the unit.

The other part of the split formula provides that Protestants will receive .3539706 of all oil produced after the first 40,000 barrels. This proportion is the same that the floodable acre feet of Protestants' tract bears to the total floodable acre feet of the unitized area. Applicant's expert witness testified that the different tracts contained the same amount of oil reserves on a per unit volume basis, here floodable acre feet.

There was contradictory evidence produced by Protestants' experts to the effect that the net economically recoverable primary production of the unit amounted to 90,000 barrels; and that their ratio should be based on their average production during a six month period which included almost five months production with a vacuum installed on their wells. Their experts also suggest that another formula should be used after the so-called primary oil is produced taking into account their current rate of production as well as floodable acre feet.

In Superior Oil Co. v. Oklahoma Corporation Commission, 206 Okl. 213, 242 P.2d 454, we said:

"We concede that the Corporation Commission has a wide discretion in the performance of its statutory duties. We cannot substitute our judgment on disputed questions of fact unless the findings of the commission are not as commanded by the Constitution, supported by the law, and substantial evidence."

When the order of the Corporation Commission is viewed in the light of the above stated rules, we find that it is supported by substantial evidence.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON and IRWIN, JJ., concur.