Margaret CHENOWETH et al., Plaintiffs in Error,

v.

PAN AMERICAN PETROLEUM CORPORATION and The Corporation Commission of the State of Oklahoma, Defendants in Error.

No. 39187.

Supreme Court of Oklahoma.

May 7, 1963.

Rehearing Denied June 18, 1963.

Barth P. Walker, Walker & George, Oklahoma City, Herbert A. Hoffman, Chicago, Ill., for plaintiffs in error.

Ferrill H. Rogers, Conservation Attorney, Oklahoma City, for Corporation Commission.

Norton Standeven and T. Murray Robinson, Oklahoma City, for Pan American Petroleum Corporation.

DAVISON, Justice.

This is an appeal by Margaret Chenoweth and other royalty owners from an order of the Corporation Commission dated April 15, 1960, creating the Eola Northwest Block Oil Creek Sand Unit in Garvin County, Oklahoma, in accordance with the application of Pan American Petroleum Corporation, lessee of most of the area, for unitization of a portion of the Oil Creek Sand as a common source of supply of oil and gas. The proceeding was pursuant to 52 O.S.1961 § 287.1 et seq.

A prior order of the Commission had divided the area into well spacing and drilling units of 40 acres each. The unitized area extends east and west and consists of 2 parallel rows of 5 tracts each and 1 tract offset to the west from the south row of tracts, or a total of 11 tracts of 40 acres each. It was established that the Oil Creek Sand in the unitized area straddles the east and west line between the tracts with a gradual slant to the south and is defined on the north by a water-oil contact and on the south by a fault. Appellants' royalty interests, except for a minor interest, are in the 40 acre offset tract at the west end of the lower row of tracts (designated Tract 6 or Willens B) and the adjoining 40 acre tract to the east (designated Tract 7 or Willens A).

Pan American's application for unitization presented a formula for participation in the production based on two factors, whereby 50% of the oil production was assigned to those tracts having producing wells from the Oil Creek Sand, and the remaining 50% was assigned to all tracts in proportion to the acre feet of production sand under each tract. The application also presented a schedule of the percentage of each tract's participation in the production because of the presence of a well and a calculation of the acre feet of productive sand. The Commission's order approved the formula and participation schedule.

Appellants complain that under the circumstances and proof the tract participation given the tracts in which they own royalty is unfair, in that it fails to give well participation to Tract 6 (Willens B), and that the proof, in their opinion, shows the acre feet of sand under their tracts to be greater than that used in fixing such tracts' participation.

There are 7 wells on as many tracts producing from the Oil Creek Sand and sharing in the well participation under the formula. One of these wells is located on Tract 7 (Willens A) and appellants are consequently entitled to share in that well's share of the total production. The remaining four tracts have no wells and one of these is Tract 6 (Willens B). A well had been drilled on Tract 6 into the Oil Creek

Sand and the lessee decided to use this well to produce from the Bromide and McLish sands in higher formations. This well was later lost due to mechanical difficulty during operations to increase production and the lessee drilled another well on Tract 6 to produce from the Bromide and McLish sands. These sands have been unitized in this area under the same formula as presented in the instant appeal and appellants have well participation in production from such sands because of the second well on Tract 6 and another well on Tract 7. It is not controverted that the formation in this area renders development difficult and that to drill another well on Tract 6 to the Oil Creek Sand would cost in excess of $300,000. From our examination of the record it appears that appellants' contention, and their further charge that Pan American's plan of unitization and formula was a fraudulent scheme to avoid its failure to produce the first well on Tract 6 from the Oil Creek Sand or to drill another well to such sand is without foundation.

■ Appellants' claim of more acre feet of sand is based upon technical expert evidence which they say reflects the sand to be thicker and the fault further south in the area of their tracts. Both sides used expert witnesses who testified as to their interpretation of technical data in fixing the location of the water level beneath the productive sand and the location of the fault. The Commission chose to accept the evidence presented by the applicant Pan American. The evidence informed the Commission relative to the characteristics of the tracts of appellants to be used in determining such tracts' fair, equitable and reasonable shares of the production as provided in 52 O.S.1961 § 287.4, par. (b). From our view of the record we find that there is substantial evidence to support the conclusions of the Commission.

■ Under the provisions of Oklahoma Constitution, Art. IX, Sec. 20, in appeals of this nature our review does not extend further than to determine whether the Commission has regularly pursued its authority,

and whether the findings and conclusions are sustained by the law and substantial evidence.

■ In Producers Development Company v. Magna Oil Corporation, Okl., 371 P. 2d 702, we stated:

" 'The determination whether there is "substantial evidence" to support an order made by Corporation Commission does not require that the evidence be weighed, but only that the evidence tending to support the order be considered to determine whether it implies a quality of proof which induces the conviction that the order was proper or furnishes a substantial basis of facts from which the issue tendered could be reasonably resolved.' "

In Superior Oil Co. v. Oklahoma Corporation Commission, 206 Okl. 213, 242 P.2d 454, we held:

"We concede that the Corporation Commission has a wide discretion in the performance of its statutory duties. We cannot substitute our judgment on disputed questions of fact unless the findings of the commission are not as commanded by the Constitution, supported by the law, and substantial evidence."

■ Appellants further contend that the Commission was without jurisdiction to hear the application for unitization. This contention is based upon the following circumstances. The application was filed November 13, 1959, and stated that the area was "substantially depleted of oil and gas producible by primary means." It was discovered this was an erroneous statement and on the same day or several days later the page containing such statement was replaced by another page stating instead "in order to delay the depletion of the reservoir energy it is desirable to initiate some form of re-pressuring." The Commission's notice of hearing was published in Oklahoma County on November 17 and in Garvin County on November 19, 1959. The notice did not contain either of said statements.

It is not claimed that the content of the notice was insufficient. Disregarding the above quoted statements the application does contain all of the facts required by 52 O.S.1961 § 287.2, to be alleged in the application. It is not contended by appellants that they were mislead or prejudiced in any way and it is obvious that they duly appeared and contested the application. In fact it appears this is a matter that came to their attention after the hearing and order of the Commission.

Appellants' cited case of H. F. Wilcox Oil & Gas Co. v. Walker, 168 Okl. 355, 32 P.2d 1044, is not in point because in that case the objection was that no notice of hearing was given.

It is our conclusion that appellants' contention is without merit.

The order of the Commission is affirmed.

HALLEY, V. C. J., and WELCH, JOHNSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS, J., dissent.