**LEE WAY MOTOR FREIGHT, INC.,** Plaintiff in Error,

v.

**STATE of Oklahoma and Joe Hodges Transportation Corporation, Defendants in Error.**

No. 40145.

Supreme Court of Oklahoma.

Oct. 22, 1963.

Rehearing Denied Nov. 19, 1963.

Sidney P. Upsher, Richard H. Champlin; James D. Fellers, Theodore M. Elam, Oklahoma City, Mosteller, Fellers, Andrews, Snider & Baggett, Oklahoma City, of counsel, for plaintiff in error.

William L. Anderson, Gen. Counsel, Darwin Frayer, Asst. Gen. Counsel, Oklahoma City, for Corporation Commission.

Rufus H. Lawson, McInnis & Sullivan, Roy L. Sullivan, Neill P. McInnis, Oklahoma City, for defendants in error.

HALLEY, Vice Chief Justice.

Joe Hodges Transportation Corporation, hereafter called Hodges, applied to the Corporation Commission for a permit to operate as a Class "A" freight carrier for the intrastate transportation of general commodities over an alternate route between Oklahoma City and Lawton, and to institute a new service between Oklahoma City and Duncan. The Commission's Order granting the new service between Oklahoma City and Duncan is the portion of the Order from which this appeal is taken.

Plaintiff in error, Lee Way Motor Freight, Inc., (a successor corporation after merger with another protestant), hereafter called Lee Way, has a similar permit to operate along the same routes, and opposed the granting of a permit to Hodges because it contended its service alone was sufficient to satisfy the requirements of public convenience and necessity.

The hearing on this matter, held in December, 1961, disclosed that in the months just preceding the filing of the application by Hodges, Lee Way received an increase in business to Duncan of approximately 30 per cent in less than thirty days. On top of this, the other carrier serving the area elected to cease its operations there, which caused Lee Way's Duncan terminal to experience a hundred per cent increase in business in less than two months.

Hodges presented evidence showing that it first received a Class "A" permit in August, 1960. It operates terminals in the following cities in Oklahoma: Oklahoma City, Lawton, Altus, and Mangum. If the permit sought herein is granted, it will establish a terminal at Duncan.

The assistant traffic manager of Halliburton Company of Duncan testi..d that he was familiar with the application, what it proposed, and supported it in its entirety. He said his company kept large inventories which may be reduced if there were another carrier available between Oklahoma City and Duncan.

The vice president of a mill company in Duncan testified that Lee Way's service was not good because it failed to meet promised delivery dates. His company was required to keep larger inventories on certain items

because of delayed deliveries by Lee Way. He said the Lee Way service was not reasonably satisfactory to his company.

The owner of a paint and wallpaper business in Duncan testified that he had made complaints to Lee Way concerning the service. In an attempt to receive overnight service on shipments from Oklahoma City he spoke to Lee Way's office manager who answered that they would like to do something about it but they had taken on so many lines that they had more business than they could get to.

The co-owner of a tire service in Duncan testified that generally he had failed to receive overnight service on shipments from Oklahoma City by Lee Way. He cited four shipments, by freight bill numbers, which took from two to four days to receive.

Three other merchants wrote letters generally endorsing Hodges' application.

There were other witnesses who testified to the same effect about their businesses and that they would use Hodges' facilities if the permit were granted. Also the Board of Directors of the Duncan Chamber of Commerce in December, 1961, unanimously voted to support Hodges' application.

■ Both Lee Way and Hodges agree that our review in this appeal from an order of the Corporation Commission, not involving any claimed violation of constitutional rights, does not under Article IX, Section 20, of the Oklahoma Constitution require weighing or comparison of the evidence, but there must be substantial evidence to support the order. Associated Motor Carriers Household Division v. Corporation Commission, Okl., 323 P.2d 337; Groendyke Transport, Inc. v. State, Okl., 378 P.2d 311.

■ Lee Way's main argument is that Hodges' witnesses had very little documentary evidence of the poor and delayed service rendered by Lee Way. Lee Way states that Hodges' evidence was so lacking in "specificity" that it had little probative value. We have not said in our previous opinions that complaints against a carrier must be documented in order for the evidence to be of a substantial nature. In Chicago, R. I. & P. Ry. Co. v. State, 126 Okl. 48, 258 P. 874, we indicated our displeasure with evidence which consisted principally of generalities and conclusions, rather than a narration of facts. However, we affirmed the order of the Corporation Commission in that case. The evidence in the instant case is much more specific than that referred to in the cited case. The case of Application of Choctaw Exp. Co., 208 Okl. 107, 253 P.2d 822, is in point on both the facts and law. In that case we summarized the testimony of four business men who testified that the existing carriers did not give adequate service. Such evidence was not documented. Other merchants testified they would use applicant's facilities if it received a permit. That evidence met the requirement of being substantial evidence. The evidence here is of like kind.

■ From a review of the evidence we have recited in the instant case, we find that there is substantial evidence to support the order of the Corporation Commission.

Affirmed.