**Snyder VOGEL and Sam Vogel,
Plaintiffs in Error,**

v.

**The CORPORATION COMMISSION of the
State of Oklahoma and Tenneco Oil Company, Defendants in Error.**

**No. 40526.**

Supreme Court of Oklahoma.

Feb. 9, 1965.

Brown & Brown, by Paul Brown, Oklahoma City, for plaintiffs in error.

Walker & George, by Barth P. Walker, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This is an appeal from an order of the Corporation Commission creating one drilling and spacing unit consisting of the S½ of Section 35, Township 2 North, Range 9 East, Coal County, Oklahoma. Such unit was created for the production of natural gas and condensate from the Basal McLish and Oil Creek Sands.

The plaintiffs in error submit two propositions for the vacation of the order as follows:

"Plaintiffs in error challenge the order of the Corporation Commission as being a violation of their Constitutional rights.

"There is no substantial evidence in the record authorizing the entry of the spacing order."

In Finding No. 5 the Commission made this statement, which summarizes the controversy:

"5. The principal dispute in this cause is whether or not the SW/4 of said Section 35 is underlain by productive Basal McLish and Oil Creek Sands; * * *"

After making a résumé of the testimony, the Commission made Finding No. 8 which is as follows:

"8. Taking into consideration all of the evidence, facts and circumstances in this cause, it would appear that some substantial portion of the SW/4 is underlain by these common sources of supply, and therefore an order should be made establishing the S/2 of Section 35 as a drilling and spacing unit for the Basal McLish Sand and for the Oil Creek Sand, and the Sarkeys No. 1 Well, located in the NW/4 of the SE/4 of the SE/4 of Section 35, should be the permitted well for said unit."

It is this finding to which objection is made.

The argument advanced by appellants in support of Proposition One is that there is a taking of appellants' property in violation of Sections 23 and 24 of Article 2 of the Constitution of Oklahoma and in violation of the 14th Amendment to the Constitution of the United States because there is insufficient evidence "in the record justifying the entry of the order creating drilling and spacing units one mile wide east and west in view of the facts in this case." This quoted language is from the brief of appellants. The claimed violation of appellants' constitutional rights is therefore based upon the same contention advanced in Proposition Two, supra, namely, that the evidence is insufficient to justify the order entered.

We therefore proceed to a consideration of Proposition Two. The entire objection to the order is that there is insufficient evidence to justify the inclusion of the SW/4

of Section 35, and therefore the royalties of the plaintiffs in error would be reduced by approximately forty percent.

■ It is conceded by both parties that the rule is correctly stated in the case of Mee v. Corporation Commission, Okl., 293 P.2d 593, from which the following is quoted:

"The rule is well established that if an order of the Corporation Commission appealed from is found to be supported by substantial evidence, it will be affirmed by this Court. The rule is clearly stated in Woody v. State Corporation Commission, Okl., 265 P. 2d 1102, 1106, wherein it is stated in the body of the opinion:

" ' * * * In the orderly administration of law we must indulge the presumption that the Commission's order is just, reasonable, and correct.

" * * *

" 'Our appellate jurisdiction, as applied to the case before us, is judicial only, and is limited to a consideration whether the Commission has legally pursued its authority, and whether its findings and conclusions are sustained by the law and substantial evidence. * * *' "

■ This controversy hinges upon the single question of whether there was substantial evidence to support the order entered. The plaintiffs in error contend that there is no substantial evidence to show that there was a probability of production under the SW/4 of Section 35. The precise contention is that the opinions of the Tenneco experts were based wholly upon seismic information which it is said was "questionable," "not substantial" and "not persuasive."

We do not deem it necessary to determine that seismic data of the character introduced is insufficient to sustain the order entered or does not constitute "substantial" evidence within the definition established by our previous opinions. In this case there was *other* evidence.

We quote excerpts from the testimony of the geologist testifying for applicants. After stating that since production could, in his opinion, be had in the SW/4 of Section 35, he pinpointed the sources from which his opinion was formed, as follows:

"Q. What evidence do you have that any part of the Southwest Quarter of Section 35 will be productive?

"A. It's based on seismic data in the area.

"Q. Is it based entirely on seismic information?

"A. We also have a knowledge of the producing trend that runs through this area. We are generally looking at a ridge running through the area and we feel that this ridge continues on slightly north of west from the Sarkeys Well in this same section.

*   *   *   *   *   *

"Q. (By Mr. Walker) With respect to Exhibit 10, let me ask you what the information is comprised of? I don't even know myself.

"A. We have the well records of the wells we drilled; we have the logs and the scout tickets of the wells immediately northwest of this area; we also had the seismic records in this area.

*   *   *   *   *   *

"Q. On the Sarkeys Well you have a minus 7489. What is that?

"A. That's the top of the Oil Creek.

"Q. How did you arrive at the gas-water contact?

"A. That is based on information on the electric log.

*   *   *   *   *   *

"Q. Does Exhibit 10 bear out that interpretation of the area?

"A. Yes, sir.

"Q. And based on that, the Southwest Quarter of Section 35 would be wholly underlain by each common source of supply involved which would contribute gas to the well involved?

"A. It wouldn't be wholly underlain but substantially, yes, sir. *   *"

We have been cited to no authority which holds that seismic data is not sufficient upon which to base an opinion as to the productivity of an area. But if additional information is required, we are of the opinion and hold that the quoted testimony shows additional information upon which the opinion was based.

The quoted evidence is sufficient to come within the rule set forth in Superior Oil Co. v. Oklahoma Corporation Commission, 206 Okl. 213, 242 P.2d 454, wherein we said in the body of the opinion:

"We concede that the Corporation Commission has a wide discretion in the performance of its statutory duties. We cannot substitute our judgment on disputed questions of fact unless the findings of the commission are not as commanded by the Constitution, supported by the law, and substantial evidence."

See also Pannell v. Farmers Union Cooperative Gin Association of Sterling, 192 Okl. 652, 138 P.2d 817; Chicago, R. I. & P. Ry. Co. v. Vogel, 195 Okl. 194, 156 P.2d 620; Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83; Cities Service Oil Co. v. Anglin, 204 Okl. 171, 228 P.2d 191; Anderson-Prichard Oil Corp. v. Corporation Commission, 205 Okl. 672, 241 P.2d 363; Application of Choctaw Exp. Co., 208 Okl. 107, 253 P.2d 822; and Application of Bennett, Okl., 353 P.2d 114.

The order of the Corporation Commission is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., dissents.