CENTRAL OKLAHOMA FREIGHT LINES,
INC., Plaintiff in Error,

v.

The CORPORATION COMMISSION of the
State of Oklahoma, Defendant in Error.

No. 42778.

Supreme Court of Oklahoma.

April 27, 1971.

Rufus H. Lawson, William L. Peterson, Jr., Oklahoma City, for plaintiff in error.

Richard H. Champlin, John B. Dudley, Oklahoma City, for contestants, Triangle Express, Inc., H. A. Day Truck Lines, Ryan Freight Lines, Inc., and Lee Way Motor Freight, Inc.; McAfee, Dudley, Taft, Cates & Mark, Oklahoma City, of Counsel.

Robert L. Mills, Asst. Gen. Counsel, Oklahoma City, for defendant in error.

JACKSON, Justice:

The first question is whether the Corporation Commission of Oklahoma has power and authority in nunc pro tunc proceedings to correct inadvertent, ministerial and clerical errors which erroneously reflects a decision not rendered by the Commission. We hold that it does.

■ Central Oklahoma Freight Lines, Inc., applied to the Commission for authority to operate Class "A" Motor Carrier Service on essentially four different routes in Oklahoma.

A referee of the Commission after hearing evidence in support of the application filed a report recommending that authority to serve all four routes, describing them, be granted. The Commission, after review of the record and recommendation of the referee, found that "the evidence submitted does not support the granting of this application in full" and that the proposed authority "should be limited" to one particular route which was described at length in the same sentence. However, in the "granting" part of the order, the Commission, although ordering that the referee's conclusions be "modified as above indicated", proceeded to grant authority to serve all four routes, describing them in language identical with that used by the referee in his recommendation. The conflict between the "findings" and "granting" parts of the order is readily apparent upon casual examination, and it appears as stated in the Commission's brief, the draftsman who prepared the Commission's order copied the latter part of the order from the wrong instrument.

The mistake was immediately discovered and six days later the Commission corrected its order, without notice to Central, to accurately reflect the decision of the Commission. In the meantime a Certificate of Authority had been routinely issued to Central in which all four routes were described as in the referee's recommendation and in the Commission's original order.

Upon receiving a copy of the corrected order Central took the position that it was void for lack of notice and a hearing. Nunc pro tunc proceedings were then conducted by the Commission. The Commission found that the mistake was made by a draftsman and did not reflect the decision of the Commission, and corrected its order and the Certificate of Authority to accurately reflect the decision which had been made by the Commission.

The original order is contradictory upon its face. The original order shows that the Commission's findings would support the granting of a Certificate of Authority for only one route, not four.

We have held that the Industrial Commission may utilize nunc pro tunc proceedings. City of Shawnee v. Kinnamon (1952), 207 Okl. 299, 249 P.2d 417; McQuiston v. Tyler (1940), 186 Okl. 315, 97 P.2d 552; Parkhill Truck Co. v. Emery (1933), 166 Okl. 280, 27 P.2d 333.

In the early case of Bell v. Hearne (1857), 19 How.(U.S.) 252, 15 L.Ed. 614, the question was whether the Commissioner of the General Land Office had authority to correct a clerical mistake. That court held that the power to correct clerical mistakes is a necessary power in the administration of every department. The Bell case, and others, are cited in 2 Am.Jur. 2d § 521, in support of the statement that administrative agencies have power to correct clerical errors in their determinations, and to make nunc pro tunc orders under rules applicable to the courts.

We hold that the Corporation Commission correctly utilized nunc pro tunc proceedings to correct an obvious and inadvertent clerical error. 47 O.S.Supp.1965, Section 166, does not apply to nunc pro tunc proceedings.

■ Central complains that it spent $4,000.00 in equipping itself to handle the four routes in reliance upon the original

order. The record shows that this money was spent after ·Central had received a copy of the Commission's ex parte correction order. Central was forewarned by the inconsistency in the original order as well as by the ex parte correction order. There is no merit in this complaint.

In Central's last proposition it is asserted that the Commission's order granting only a part of authority sought is not supported by substantial evidence. The Commission contends that this court will not review the merits of a case in an appeal from an order nunc pro tunc, citing Stevens Expert Cleaners & Dyers, Inc. v. Stevens, Okl., 267 P.2d 998. This contention overlooks the fact that in Central's petition in error it also complained that the Commission's decision to grant only a part of the authority sought is not supported by substantial evidence of record.

We must, however, inquire into our own jurisdiction to entertain Central's appeal on the merits. Central did not give notice of intention to appeal within ten days from the original order limiting Central's authority (and Certificate of Authority) to one described route. In Crews v. Shell Oil Company (1965), Okl., 406 P.2d 482, we held that timely notice of appeal must be given. In the instant case the notice of appeal was not given until after the Commission had conducted nunc pro tunc proceedings and entered its corrected order. The notice of appeal was given within ten days following the correction order but four months after the first order. The corrected order gave only the same relief or authority that was actually given by the Commission in the first order.

The facts are that during the ten day period following the first order the Commission was taking action to correct that order. This fact was made known to Central. The Commission did not regard the first order as the final order since it was taking immediate action to write a corrected order. In these circumstances we regard the corrected order as the final order and conclude that we may review the order on its merits.

We are of the view, considering the whole record on the merits, that the Commission's findings reflected in its first and corrected orders are supported by substantial evidence.

■ The term "substantial evidence" means something more than a scintilla of evidence and means evidence that possesses something of substance and of relevant consequence such as carries with it fitness to induce conviction, and is such evidence that reasonable men may fairly differ as to whether it establishes a case. The determination of whether there is substantial evidence in support of the Commission's order does not require that the evidence be weighed, but only that the evidence in support of the order be examined to see whether it meets the above test. Yellow Transit Co. v. State, 198 Okl. 229, 178 P.2d 83; Application of Choctaw Exp. Co., 208 Okl. 107, 253 P.2d 822.

■ The evidence shows that Lee Way Motor Freight, Inc. was in the process of assigning some of its intrastate permits to Ryan Freight Lines and others at the time of the hearing before the referee. Lee Way was delayed in completing the transfer because of labor trouble. During this period some of Lee Way's customers were complaining of poor service. However, the Commission apparently concluded from its hearing and review of the referee's report that this temporary condition had been improved.

All proceedings in this case were conducted prior to the adoption of the new Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1970, Ch. 15, App. 2, and prior to the 1968 amendments of 47 O.S. 1961, Sections 161 et seq.

The order of the Commission is affirmed.

All the Justices concur.