**WESTERN OKLAHOMA ROYALTY OWNERS ASSOCIATION, INC., Appellant,**

**v.**

**CORPORATION COMMISSION of the State of Oklahoma, and MRT Exploration Company, Appellees.**

**No. 50792.**

Court of Appeals of Oklahoma, Division No. 1.

June 5, 1979.

Released for Publication by Order of Court of Appeals July 5, 1979.

Verity, Brown & Verity by Gordon F. Brown, Oklahoma City, for appellant.

Max H. Lawrence, Oklahoma City, for appellee, MRT Exploration Co.

REYNOLDS, Judge:

Western Oklahoma Royalty Owners Association, Inc. (Royalty Owners), seeks review of Corporation Commission Order No. 128351 which established four (4) 1440-acre

drilling and spacing units in Townships 10 and 11 North, Ranges 24, 25, and 26 West, Beckham County, Oklahoma.

MRT Exploration Company (MRT) filed an application with the Corporation Commission seeking to establish additional drilling and spacing units for the Morrow-Springer, Mississippian, and Hunton common sources of supply for the production of gas and gas condensate. The application sought to consolidate two previous Commission orders and the extensions thereto (which established a total of fourteen 1440-acre units), and extend the consolidated order to further encompass seven (7) additional units. The cause was heard on January 31, 1977, by the Commission sitting en banc. Royalty Owners appeared in protest and opposition to the granting of the application. The Commission issued Order No. 128351 on February 23, 1977, which consolidated the previous orders and established four (4) new 1440-acre units.

Royalty Owners asserts that Order No. 128351 is a violation of the constitutional right to due process. It alleges that the order is not based upon substantial evidence and constitutes an arbitrary and capricious action because the Corporation Commission failed to consider factors (4) and (5) of Title 52 O.S.1971, § 87.1(b). Royalty Owners submits that the evidence of record reveals that the geological formations in the area lack the porosity and permeability to permit one well to effectively drain a 1440-acre unit.

Title 52 O.S.1971, § 87.1(b)[1] cited by Royalty Owners, relates to an original proceeding to establish drilling and spacing unit orders not to proceedings to enlarge and extend the boundaries of an area previously established by a valid order of the Commission. The Commission is authorized to enlarge the area covered by a drilling and spacing unit order pursuant to Subsection (c) thereof which provides in part as follows:

> (c) The Commission shall have jurisdiction upon the filing of a proper application therefor, and upon notice given as provided in subsection (a) . . . to enlarge the area covered by the spacing order, if such proof discloses that the development or the trend of development indicates that such common source of supply underlies an area not covered by the spacing order.

*In Re Lovell-Crescent Field*, 198 Okl. 284, 178 P.2d 876 (1947) presented the Supreme Court with an appeal from an order of the Corporation Commission extending the boundaries of an area covered by a previous spacing order for oil under the provisions of Title 52 O.S.1941, § 87(d), the predecessor of § 87.1(c), which provided:

> (d) The Commission under proper application and proof, and in conformity with the procedural requirements of said Chapter 131, of the Session Laws of 1933, shall have the power to enlarge and extend the boundaries of a common source of supply when oil development, or the trend of such development, shall indicate that an additional area should be included therein and thereupon, the Commission, by proper order, shall require the same spacing and drilling units to the additional portion of the common source of supply.

At page 878 the following appears:

> The protestants offered evidence at the trial tending to establish that the effect of extending the well spacing order would result in economic waste in the area covered by the extension. In view of our holding that the original order and the extensions are valid, the questions of waste and lack of consent of lessees is eliminated for the reason that the sole question before the Commission, under section 3(d) of the Acts of 1935, 52 O.S. 1941 § 87(d), was whether under the application and proof, the "oil development, or trend of such development" indicated

1. The provisions of Laws 1977, c. 76, § 1 emerg. eff. May 25, 1977, which amended Title 52 O.S. § 87.1 to establish a maximum of 640 acres plus a ten percent (10%) tolerance to be embraced by a drilling or spacing unit for gas was inapplicable because the effective date of Order No. 128351 was February 23, 1977.

that the previous well spacing order should be extended in the application.

It was the uncontroverted testimony of Mr. T., a consulting geologist, and the finding of the Commission, that the area to be designated as the four new 1440-acre drilling and spacing units, and those units previously established were actually or prospectively underlain by the Morrow-Springer, Mississippian, or Hunton common sources of supply.

Art. IX, § 20, of the Oklahoma Constitution limits the scope of judicial review to determining whether the findings and conclusions of the Corporation Commission are sustained by substantial evidence. *In Central Oklahoma Freight Lines, Inc. v. Corporation Commission,* Okl., 484 P.2d 877 (1971), the Supreme Court defined the term "substantial evidence" as follows:

> The term "substantial evidence" means something more than a scintilla of evidence and means evidence that possesses something of substance and of relevant consequence such as carries with it fitness to induce conviction, and is such evidence that reasonable men may fairly differ as to whether it establishes a case. The determination of whether there is substantial evidence in support of the Commission's order does not require that the evidence be weighed, but only that the evidence in support of the order be examined to see whether it meets the above test.

In *Cameron v. Corporation Commission,* Okl., 414 P.2d 266 (1966), the Supreme Court described "substantial evidence" as the evidence which

> [i]mplies a quality of proof which induces the conviction that the order was proper or furnishes a substantial basis of facts from which the issue tendered could be reasonably resolved.

Substantial evidence indicates that the Morrow-Springer, Mississippian, and Hunton common sources of supply underlie the four (4) 1440-acre units encompassed by Order No. 128351

AFFIRMED.

ROMANG, P. J., concurring.