**OKLAHOMA TRANSPORTATION COM-
PANY, a corporation, Appellant,**

v.

**CORPORATION COMMISSION of Oklahoma
and the State of Oklahoma, Appellees.**

No. 48157.

Supreme Court of Oklahoma.
July 13, 1976.

John L. Arrington, Jr., Curtis M. Long, Huffman, Arrington, Scheurich & Kihle, Tulsa, for appellant, Oklahoma Transp. Co.

Travis & Durbin, Rex K. Travis, Mary Kathleen Rhodes, Legal Intern, Oklahoma City, for appellee, Corp. Commission, for applicant, Jordan Bus Co.

LAVENDER, Justice:

Jordan Bus Company (Jordan), applicant and real appellee of interest, sought certificate of public convenience and necessity granting authority to operate regular passenger service by motor bus between Oklahoma City and Norman, including the servicing of Moore. The same application sought similar authority for service between Shawnee and Tecumseh. Under its presently held certificates, Jordan had authority and serviced points beyond in both instances using the routes found in the application. A "closed door" restriction contained in that authority prevented carriage of passengers originating at Oklahoma City and ending at Norman or originating at Norman and ending at Oklahoma City. A comparable restriction limited service between Shawnee and Tecumseh.

Oklahoma Transportation Company (OT), appellant, protested the application as to authority for service between Oklahoma City and Norman. No protest was filed as to authority for service between Shawnee and Tecumseh.

The cause was referred to a referee and evidentiary hearing held. The report of the referee recommended granting of authority for the service between Shawnee and Tecumseh, but denied the application as between Oklahoma City and Norman. Jordan filed exceptions to the referee's report as to the denial. The Commission held a hearing on the exceptions. By Commission Order No. 110203 of January 10, 1975, the referee's report was accepted in part and corrected in part so as to grant the authority requested and lift the "closed door" restriction as between Oklahoma City and Norman as well as between Shawnee and Tecumseh. OT appeals that order as it applies to service between Oklahoma City and Norman.

OT argues the insufficiency of the findings in the Commission order appealed to sustain that order. Those findings determined (1) public interest was not best served by having buses travel between the most populous city and the fourth most populous city, a distance of approximately fifteen miles, and unavailable to travelers between the two points because of the "closed door" restriction in the authority; and (2) economic use of fuel is much better served by lifting that restriction. OT attacks the form of the order. It recognizes the Commission as a *tribunal* of limited jurisdiction citing *Merritt v. Corporation Commission,* Okl., 438 P.2d 495 (1968). OT then seeks to limit the Commission to be solely an administrative agency controlled by general principles of administrative law, both statutory and case law. The limitation of the Commission as only an administrative agency is too restrictive. OT acknowledges the Commission is expressly excepted from the Administrative Procedures Act other than for filing of its rules. 75 O.S.1971, § 301(1)(c). *Cameron v. Corporation Commission,* Okl., 414 P.2d 266 (1966). We consider the findings sufficient to sustain the Commission order here appealed. Its orders are not necessarily confined to that required of administrative agencies under the Administrative Procedures Act or otherwise.

OT points to the presumption as to its service and Jordan's burden of proof, both found at 47 O.S.1971, § 166, reading in part:

"* * * it will be presumed, in the absence of competent evidence to the contrary, that intrastate common carriers operating under existing certificates are rendering adequate service between the

points * * * and the applicant has the burden of proof to show otherwise;

* * *."

Here, there was evidence of no service from Norman to Oklahoma City between 7:45 in the morning and 12:20 in the afternoon. Jordan presently has a bus making that run through Norman to Oklahoma City at approximately 11:10 in the morning with a "closed door" and unavailable to travelers originating at Norman and ending at Oklahoma City. One of the applicant's bus drivers on the Oklahoma City-Norman route testified as having to refuse passengers the service caused by the "closed door" restriction. A law student living at Norman testified of his need of service around 11 o'clock in the morning and of the crowded conditions on OT's commuter bus back to Norman at 5:15 and 5:30 in the afternoon. Here, the statutory presumption was overcome and the burden of proof met.

 Both OT and Jordan agree the test of the evidence on appeal is one of substantial evidence. Const. Art. 9, § 20. OT argues that test is not met. We do not agree. Much of applicant's evidence is through witness with possible interest; i.e. applicant's president; applicant's bus driver; and law student with a close relationship. On appeal from this Commission, this court is not required to weigh evidence. *Producers Development Company v. Magna Oil Corp.*, Okl., 371 P.2d 702 (1962). This court is required to review the evidence. If the appealed order is supported by substantial evidence, then the order must be sustained. *Mistletoe Express Service v. Corporation Commission*, Okl., 316 P.2d 865 (1957).

 Under § 166, *supra*, the Commission shall consider (1) the reliability, financial condition, and sense of responsibility toward the public of the applicant; (2)

present service being maintained; and (3) other matters tending to show need or lack of need. Here Jordan was already operating the service. The "closed door" restriction denied that service to a segment of the traveling public. Jordan's reliability and responsibility was evident by its established operation of this same route. The present service maintained by OT was before the Commission. It considered other matters such as times when service was not presently available, availability of seats on Jordan's runs, and crowded conditions at the rush hours on OT's commuter service. The Commission used its general knowledge of the energy situation to provide additional service to the public with the same expenditure of energy.

OT argues as to the "Statement of Findings and Fact" filed after the lodging of the appeal, and after the filing of the record. On an appeal from the Commission, the Constitution requires to be filed with the record of the case, and as a part thereof, a written statement of the reasons upon which the action appealed from was based. Const. Art. 9, § 22. We find the filing by the Commission on August 15, 1975, to be substantial compliance. See *Chicago, Rock Island & Pacific Raliroad Co. v. State*, Okl., 281 P.2d 172 (1955). The statement of reason does not require certification by the Commission chairman. The chairman of the Commission did certify the transcript of pleadings, exhibits, and evidence considered by the Commission and of all the facts upon which the appealed order was based. That was the record of facts here reviewed by this court. No new or additional evidence was introduced in this court. The filing of the Commission of August 15, 1975, was read and considered as a statement of reasons and not as new or additional evidence. Const. Art. 9, § 22.

We find the order of the Commission removing the "closed door" restriction between Oklahoma City and Norman on the

operating authority of Jordan is sustained by the law and substantial evidence. Const. Art. 9, § 20.

Order affirmed.

All of the Justices concur.