Application of Hayes Motor Freight, Inc., P.O. Box 793, Ardmore, Oklahoma, for Authority to Operate Regular Route, Freight, Interstate and Intrastate, Common Carrier, Motor Carrier Service.

**HAYES MOTOR FREIGHT, INC., Appellee,**

v.

**Harold L. MANNING, d/b/a Manning Freight Lines, Appellant.**

No. 51024.

Supreme Court of Oklahoma.

April 29, 1980.

---

G. Timothy Armstrong, Oklahoma City, for appellee.

Charles Nesbitt, Oklahoma City, for appellant.

IRWIN, Vice Chief Justice.

Appellant is a class A motor carrier and has authority to operate a regular route motor carrier service between a series of cities and towns in south-central Oklahoma. Appellee, Hayes Motor Freight, Inc., filed its application with the State Corporation Commission (Commission) for a Certificate of Convenience and Necessity, which in effect would authorize it to offer similar services in the same area. On hearing and based "upon the testimony of witnesses and the documentary evidence offered and received" the Commission's Referee concluded that "no substantial showing of public convenience and necessity for granting the certificate" had been shown and recommended that the application be denied.

Appellee filed its exceptions to the Report of the Referee and on hearing the Commission found that "public convenience and necessity" required the granting of appellee's application. Commission disapproved the Referee's recommendations and issued its order granting appellee a certificate as per its request. Appellant appealed.

On assignment, the Court of Appeals, Div. No. 2, affirmed the Commission's order. Appellant seeks certiorari.

47 O.S. 1971, § 166, which relates to certificates for motor carrier services, provides that:

". . . it will be presumed, in the absence of competent evidence to the contrary, that intrastate common carriers operating under existing certificates are rendering adequate service between the points or within the areas authorized to be served by them, and the applicant has the burden of proof of show otherwise; . . ."

The above presumption in favor of carriers operating under existing certificates became law in 1968. See 1968 Okl. Session Laws, ch. 190, p. 295. Appellant contends the record contains no competent evidence that the service being offered and provided by existing carriers is inadequate, and that the order is not supported by substantial evidence. Appellant points out that the Court of Appeals did not discuss this statutory presumption of "present adequate service" and set forth no evidence that service being performed by existing carriers is "inadequate."

On appeal from the Commission, this court is not required to weigh the evidence but must review it, and if the Commission's order is supported by substantial evidence, such order must be affirmed. *Oklahoma Transportation Co. v. Corporation Commission*, Okl., 552 P.2d 401 (1976). The term "substantial evidence" means something more than a scintilla of evidence. It means evidence that possesses something of substance and of relevant consequences such as carries with it fitness to induce conviction, and is such evidence that a reasonable man may fairly differ as to whether it establishes a case. *Central Oklahoma Freight Lines, Inc. v. Corporation Commission*, Okl., 484 P.2d 877 (1971).

A review of the evidence discloses that some shippers or customers would use the services of appellee if it were granted a certificate, and that some shippers and customers would like to have more competition and a choice as to their carriers. Although there is testimony that some deliveries and pick-ups may have been delayed, there is a lack of competent evidence that the services being offered and provided by existing carriers is inadequate. The appellee simply failed to rebut the statutory presumption of "present adequate service". The Commission's order granting appellee a certificate of Convenience and Necessity is not supported by substantial evidence and must be reversed.

CERTIORARI GRANTED; COURT OF APPEALS DECISION VACATED; CORPORATION COMMISSION ORDER REVERSED.

LAVENDER, C. J., and BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

WILLIAMS, J., dissents.